INCORPORATED TOWN OF DOWS, IOWA, v. E. DeLONG.

**Justice of the peace:** RELATIONSHIP TO THE PARTIES: CONSENT TO JURISDICTION. Although Code, section 284, disqualifies a judge or justice of the peace from acting as such where he is related by affinity to either of the parties within the fourth degree, still

where the defendant, even in a criminal action, is related to the justice within the prohibited degree, but appears in person and by counsel and without objection to the jurisdiction because of the relationship proceeds to trial, he thereby consents to the jurisdiction and can not thereafter raise the objection by motion in arrest of judgment.

*Appeal from Wright District Court.*—HON. C. E. ALBROOK, Judge.

WEDNESDAY, NOVEMBER 16, 1910.

THE defendant was convicted of violating an ordinance of the incorporated town of Dows, and appeals.—*Affirmed.*

*Birdsall & Birdsall,* for appellant.

*Nagle & Nagle,* for appellee.

SHERWIN, J.—An information was filed with the mayor of the plaintiff town, charging the defendant with the violation of a town ordinance, defining misdemeanors and the punishment thereof. The mayor issued a warrant on the information, and the defendant was arrested and taken before him. Upon his request the case was continued several days, and upon the day set for the hearing the defendant appeared with counsel and entered a plea of not guilty, whereupon the case proceeded to trial, resulting in a judgment finding the defendant guilty and imposing a small fine. The defendant then appealed to the district court, where the case was later tried to a jury; the defendant appearing by counsel. The jury returned a verdict of guilty, on which the judgment was entered, from which this appeal is taken.

A motion in arrest of judgment raised the question of the jurisdiction of the mayor, based upon his relationship with the defendant. It appeared that the defendant and

the mayor of the town of Dows are related within the fourth degree of affinity; they being brothers-in-law. There is no question as to the relationship. The only matter for our determination is whether the mayor, under the circumstances, had jurisdiction to hear and determine the charge made against the defendant. Section 284 of the Code provides as follows: "A judge or justice is disqualified from acting as such, except by mutual consent of parties, in any case wherein he is a party or interested or where he is related to either party by consanguinity or affinity within the fourth degree. . . . But this section shall not prevent him from disposing of any preliminary matter not affecting the merits of the case." Had proper and timely objection been made to the trial of the case before the mayor, there is no question but what the mayor would have been disqualified under the statute in question. But the record nowhere discloses, nor is it now claimed, that objection was made to the jurisdiction of the mayor, or to the jurisdiction of the district court, until the motion in arrest of judgment was filed. Such being the case, it must be assumed that the defendant consented to the jurisdiction of the mayor; and it is well settled that jurisdiction of the person may be conferred by consent. There is no question but what the mayor had jurisdiction of the subject-matter, and if he had jurisdiction of the person of the defendant by his consent, there is nothing in this appeal.

The real contention of the defendant is that, the mayor's court being a court of inferior jurisdiction, no presumption obtains as to jurisdictional facts, but that they must appear of record; and it is said that it must affirmatively appear that the defendant consented to the jurisdiction of the mayor. This is not the rule, however. In *Schlisman v. Webber*, 65 Iowa, 114, the court had under consideration a question precisely the same as the one now before us, except that the *Schlisman-Webber* case was a civil

action.   In that case a justice of the peace rendered a judgment against the plaintiff therein for over $100.   The record of the justice did not show that consent had been given for such judgment, and we said: "Whether a justice has jurisdiction in a case involving more than $100 depends, then, on whether the parties have consented to the jurisdiction.   It is the fact of consent which gives him jurisdiction, and, in our opinion, if this fact existed, his judgment would be valid, even though no record of the fact was made.   Section 3515 prescribes the matters which a justice is required to embody in his record, and the fact of consent to the jurisdiction in cases in which it is essential to the validity of the proceedings is not included.   As the statute has thus prescribed the record which the justice is required to make, it follows, we think, that a judgment, the record of which embodies the matters so required to be embraced in it, is at least prima facie valid.   Under section 3669, the proceedings of courts of limited jurisdiction are presumed to be regular except in regard to matters required to be made of record; and, as the consent of the parties to the jurisdiction is not required to be made a matter of record, the presumption is that such consent was communicated to the justice in some manner before he proceeded to take jurisdiction of the case."

Even if it be held that section 284 is applicable to this case, the contention of the appellant is fully disposed of by the authority we have just cited and by the language used in that opinion.   The defendant appeared in the mayor's court both personally and with counsel, and, although he must have been fully cognizant of the relationship existing between them, he went to trial without protest or objection; and, inasmuch as it is the almost universal rule that jurisdiction of the person may be conferred by consent, it would be little less than startling to hold in this case, with these facts before us, that the mayor was with-

out jurisdiction to hear and determine the charge made against the defendant.

The judgment of the district court is therefore right, and it is *affirmed.*