DAVID G. BLEAKLEY, Administrator, et al., Appellees, v.
MARGARET LONG, Appellant.

No. 43455.

JUNE 19, 1936.

REHEARING DENIED SEPTEMBER 25, 1936.

Treichler & Treichler, for appellant.

Crissman & Bleakley, for appellees.

MITCHELL, J.—Ben W. Long died intestate October 25, 1930, leaving surviving him his children, Frances Ellen Shakespeare, Mary Elizabeth Kline, and John David Long. A few days thereafter David G. Bleakley was appointed administrator of the estate, and duly qualified.

At the time of his death Ben W. Long and Margaret Long each owned an undivided one-half interest in a 280-acre farm located in Linn County, Iowa. On the 14th day of January, 1935, the administrator of Long's estate filed an application in the probate court of Linn county, setting forth the indebtedness of said estate, showing an aggregate of $17,545, with only $731 balance of proceeds from sale of personal property to apply upon said indebtedness. The administrator therefore asked for authority to sell the real property, and on February 1, 1935, the court entered an order, authorizing the administrator to sell the decedent's interest at public or private sale.

On April 13, 1935, the administrator and the children and heirs of Ben W. Long, deceased, filed a petition in equity in the district court of Linn County, Iowa, wherein Margaret Long was made defendant. The petition set forth the relationship of the parties, the ownership of the real property, order of the probate court, authorizing and directing the administrator to sell; stated that the property could not be divided in kind; and prayed for partition of the said described real property. An original notice of the pendency of said action was duly served upon Margaret Long within the time and method provided by statute. She did not appear, and on the 24th of June, 1935, the district court in said partition action found that the defendant, Margaret Long, was in default for want of answer or appearance. The court further found that the children of Ben W. Long, and the defendant Margaret Long, were the joint owners, each owning an undivided one-half of the land described; that the property could not be divided in kind; and ordered it sold at public or private sale, as provided by chapter 522 of the Code. The court appointed a referee to sell the said land.

On the 25th day of June, 1935, the defendant, Margaret Long, filed a motion to set aside said default and judgment and decree entered therein, for the following reasons: That the original notice served on the defendant recites that "petition will be

on file with the Clerk on or before May 3, 1935''; that after May 3d and less than ten days before the May term defendant's attorneys called at the Clerk's office to obtain copy of said petition and were informed by the Clerk or his deputy that no petition has been filed in said action. Defendant's attorneys relied on the information so given, and gave the matter no further attention. The motion was supported by the affidavit of one of defendant's attorneys, and at the same time of filing the motion Margaret Long filed answer, in which she admitted that Ben W. Long died intestate on October 25, 1930; that Bleakley was the appointed administrator of said estate; that Ben W. Long and defendant each owned an undivided one-half interest in the 280-acre farm described; admitted that the order to sell had been duly secured, but denied that Bleakley as administrator had such an interest in said real estate as to entitle him to maintain an action in partition. Motion to set aside decree came on for hearing before the court on the 8th day of July, 1935, and was overruled. Defendant then filed a motion, supported by her affidavit, to require Crissman and Bleakley as attorneys for John David Long to show that they had a right to appear for him; and asked that further proceedings be stayed until some satisfactory proof was made for said attorneys so to appear. Affidavit of Margaret Long, in support of the motion, stated that she is the aunt of John David Long and that she had made extraordinary efforts to ascertain the residence of her said nephew but had failed to learn same; that the other two plaintiffs, Mrs. Shakespeare and Mrs. Kline, sisters of the said John David Long, stated to her that they did not know where their said brother resided. Motion was also supported by the affidavit of one of her attorneys that he had made diligent efforts to ascertain the residence of John David Long, and that he was not able to do so. On the 20th day of July this motion was duly overruled.

On the 23d day of July, 1935, there was filed by the referee, with the clerk of the district court, a report of the sale of the real estate, which report set out the name of the purchasers, amounts to be paid, and that said sales were made for cash. And on the same day the court entered an order, approving said sale.

Thereafter, on the 30th of July, 1935, the defendant filed a motion to set aside the order approving the sale, which motion

was duly overruled by the court. The defendant being dissatisfied with the ruling of the court, has appealed from the court order, overruling her application to set aside default and judgment entered June 24, 1935, and from the ruling entered on July 20, 1935, overruling defendant's motion to require plaintiffs' attorneys to show authority to appear for John David Long, and from the ruling of August 16, 1935, overruling defendant's application to set aside referee's report and the court's approval of the sale of said real estate.

I.   Appellant's first ground for reversal is predicated upon the court's failure to set aside judgment and decree, finding and fixing the respective interests and shares, appointing a referee and authorizing and directing the sale of said described real estate.

In support of this proposition Margaret Long relies upon the affidavit of her attorney attached to the motion to set aside, wherein he stated that he called at the office of the clerk of the district court less than ten days before the May 1935 term, and upon requesting a copy of the petition was advised either by the clerk or a deputy that no petition in this action had been filed, and thereafter, relying on the information, gave the matter no further attention.

It is conceded by the appellant that the petition was filed on the 13th day of April, 1935. The affidavit attached to the motion sets out that the attorney called at the office of the clerk of the district court. He then asked either the clerk or a deputy for a copy of the petition, and was informed that no petition was on file. Just who the person was who made the statement to him, is not set out in the record. There is no evidence offered here other than the affidavit of the attorney. He does not say whether it was the clerk or a deputy, but says that it was one of the two.

This record shows without any doubt that at the time he made this call the petition was on file.

■■■ It is the rule of this court, well established by the authorities, that the action of the lower court in overruling a motion to set aside a judgment and decree will not be disturbed in the absence of a reasonably clear case of abuse of discretion. There is no showing here of abuse of discretion. In fact, upon the record here disclosed, the lower court was right in overruling the motion to set aside judgment and decree.

■■■ II. The second proposition raised by the appellant is that David Bleakley as administrator of the Ben W. Long estate had no right or authority to commence the partition action.

We are not confronted with that question in this case because the record shows that there were joined as plaintiffs with the administrator of the estate, the absolute owners of the real estate other than the defendant Margaret Long, and certainly, no question can be raised about the right of the other plaintiffs to commence the partition action.

■■■ A question is raised as to the right of the attorneys to appear for John David Long, and one of the errors alleged is the overruling of the motion to require Crissman and Bleakley as attorneys for John David Long to produce proof of their authority to appear for him. It is Margaret Long's claim that she made diligent search and was unable to locate John David Long. Her attorney also claimed that he made search and was unable to locate him.

In the case of Wheeler v. Cox, 56 Iowa 36, 37, 8 N. W. 688, 689, this court said:

"We may assume, in the absence of any averment or evidence to the contrary, that Foster was a practicing attorney of the court in which the action was brought. It is to be presumed, then, that he had authority to bring the action, and the presumption must prevail unless the evidence of a want of authority is clear and satisfactory. The records of a court, regular upon their face, have a large degree of sanctity attached to them, and are not to be lightly overcome."

In the case at bar the only evidence of want of authority is that of the affidavit of appellant and her attorney, and they did not claim that the attorneys did not have authority; their only claim is that they did not know where John David Long was. There is a presumption that John David Long authorized the attorneys to appear for him and do all other things necessary. There were no reasonable grounds alleged and no evidence introduced, and until such a showing is made the presumption must prevail. The lower court was right in overruling the motion, requiring proof of authority to appear.

■■■ III. It is next argued that the court erred in overruling appellant's motion to set aside the report of sale made by referee, and approval and confirmation thereof by the court.

The record shows that the referee sent out notices to all interested parties, including the appellant, that he was receiving bids on the property; that it was twelve days after the mailing of the notices before he made a report of the sales to the respective purchasers. It also shows that it was seven days after the approval of the sales when the appellant filed her motion to set aside same. There is no claim on the part of the appellant that the purchase price of the respective properties was in any way inadequate consideration for the various tracts of land.

All of the facts were before the lower court. Notice of the sale was given as required. There is no claim that the amounts bid were not adequate. The court entered its order of approval of said sales. There is no showing here of any reason why the order of approval should be set aside. The lower court was right in overruling appellant's motion to set aside same.

It therefore follows that the judgment and decree of the lower court must be, and it is hereby, affirmed.

Appellee's motion to dismiss, which was submitted with the case, is hereby overruled.

Chief Justice and all Justices concur.