No. 19,104.

GENERAL INSURANCE COMPANY OF AMERICA *v.*
CALVIN W. O'DAY, ET AL.
(356 P. [2d] 888)

Decided November 7, 1960.

Messrs. YEGGE, BATES, HALL & SHULENBURG, for plaintiff in error.

Mr. MYRON H. BURNETT, Mr. J. B. METSKER, for defendants in error.

*In Department.*

PER CURIAM.

PLAINTIFF in error, hereinafter called Insurance Company, was defendant in the trial court, and was the insurer of the owner of an automobile involved in an accident in Adams County, July 13, 1957, while being driven by Jack Walter Kortmeyer, a nonresident of this state.

Defendants in error O'Days brought an action in the District Court of Adams County on November 19, 1957, against Kortmeyer, a resident of Montana, to recover damages claimed by them as a result of the accident. Upon failure of Kortmeyer to appear, judgments by default were entered against him April 14, 1958, in favor of the O'Days for $502.60 automobile damage and on behalf of Marie O'Day for damages in the amount of $3,000.00, plus interest and costs.

The judgments being unsatisfied, the O'Days brought this action April 25, 1958, in the District Court of the City and County of Denver against the Insurance Company to recover the amount of the Adams County judgments rendered against their insured, Kortmeyer.

The Insurance Company answered, denying the validity of the O'Day judgments, alleging that they were entered without legal or proper service of process on Kortmeyer.

At the trial of this action the parties produced no testimony other than stipulated facts of the accident, insurance coverage and documents consisting of the record and proceedings in the Adams County action, together with a form of insurance policy issued to the owner of the Kortmeyer car. The trial court found for the O'Days and judgment in the sum of $3,502.60, with interest and costs, was entered against the Insurance Company. The

latter, claiming prejudicial error, seeks reversal of the judgment.

It appears from the record that purported service of process upon Kortmeyer was made under the provisions of the Colorado Nonresident Service Law, C.R.S. '53, 13-8-1 and 4. A copy of the summons and complaint were served upon the Secretary of State, November 12, 1957, and pursuant to the statute counsel for the O'Days sent by registered mail, with return receipt requested, an envelope containing a copy of summons and complaint and notice of service upon the Secretary of State, to Jack Walter Kortmeyer, 524 North 23rd Street, Billings, Montana. Counsel have stipulated that such place was given by Kortmeyer as his address to the patrol officer who investigated the accident. The postal return card was sent back to counsel for the O'Days unsigned. The envelope directed to Kortmeyer was likewise returned marked "unclaimed." It shows that the envelope was forwarded to him at Great Falls, Montana, and a further notation "returned to writer" appears thereon. The word "Refused" was not checked as a reason for return to the sender. A memorandum in pencil "Left Notice, Nov. 19, 1957," and a stamped notation of "Second Notice Nov. 23, 1957 Great Falls, Mont.," appear on the envelope.

The Insurance Company urges that purported service of process upon Kortmeyer was invalid because he did not receive or refuse to receipt for the registered envelope containing a copy of process in the Adams County case. The O'Days contend that service upon the Secretary of State was sufficient and that if delivery to or refusal by Kortmeyer of the registered envelope containing a copy of process were mandatory, the notices sent to him by the postal department and his failure to call for the envelope constituted a refusal by him to accept it.

 (1) Nonresident service of process statutes are in derogation of the common law and are given a strict

construction. *Carlson v. District Court,* 116 Colo. 330, 180 P. (2d) 525.

C.R.S. '53, 13-8-3, provides:

"Service of such process shall be made by leaving a copy of the process * * * with the secretary of state * * * and such service shall be sufficient service upon such nonresident defendant * * * *provided,* that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the *defendant's return receipt* or, in the event the defendant refuses to accept such registered mail, the registered mail *with his refusal thereon* and the plaintiff's affidavit of compliance herewith are filed with the papers in the case * * *." (Emphasis supplied.)

Being obliged to strictly interpret the statute, as we are, we must hold that service upon the Secretary of State, alone, is not sufficient to effect service of process upon a nonresident defendant. The requirements of the statute subsequent to service upon the Secretary of State must also be met. They are conditions precedent to completion of service of process upon nonresident defendants. Each step is jurisdictional. A failure to comply with those provisions renders such attempted service of process nugatory.

It cannot be said that Kortmeyer "refused" to accept the registered mail simply because the envelope bears notations that notices of registered mail were sent to him. Nothing appears in the record to show that such notices, if sent, were ever received *by him.* In dealing with questions of service of process upon nonresidents under the subject statutes, we cannot indulge in assumptions nor create presumptions in favor of such service.

There is no evidence of a "refusal" to accept by Kortmeyer. The notation on the envelope is that it was unclaimed. The word "refusal" in its derivative and intrinsic meaning includes the idea of absolute rejection. 36 Words & Phrases, 638. To "refuse" means to reject,

being an active, as distinguished from a passive, concept. *Adoption of Wedl,* Ohio Prob., 114 N.E. (2d) 311.

It is apparent that strict compliance with the non-resident service of process statute was not had in the Adams County action and the judgments entered therein were void for lack of service upon Kortmeyer.

(2) The O'Days assert that the Insurance Company cannot attack the Adams County judgments in the Denver court action based thereon.

█ The record affirmatively shows lack of service and therefore want of jurisdiction over Kortmeyer. In such circumstances, the judgments are void and subject to attack at any time in any proceeding where brought into question. *Greene v. Phares,* 124 Colo. 433, 237 P. (2d) 1078; *Geisler v. People,* 135 Colo. 121, 308 P. (2d) 1000.

The judgment is reversed.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.