66 N.J. Super. 310 (1961)
169 A.2d 228
RAYMOND ZANDER, PLAINTIFF,
v.
JOHN H. MARTINE AND JOHN MARTINE, DEFENDANTS.
Superior Court of New Jersey, Union County Court, Law Division.
Decided March 8, 1961.
*311 Messrs. Lyons & Lyons, attorneys for the plaintiff (Mr. William T. Lyons, appearing).
Mr. William O. Barnes, Jr., attorney for the Unsatisfied Claim and Judgment Fund Board (Mr. Annamay T. Sheppard, appearing).
BARGER, J.C.C.
This is an automobile negligence action in which the plaintiff is seeking damages for personal *312 injuries and property damage. The plaintiff alleges that on September 1, 1959 a motor vehicle owned and operated by the plaintiff was stopped at the intersection of Morrell Street and East Jersey Street, Elizabeth, New Jersey, and was struck in the rear by a motor vehicle operated by defendant John Martine, of 1065 East Jersey Street, Elizabeth, New Jersey, and owned by defendant John H. Martine, of Knappernich Manor, Genoa City, Wisconsin.
This action was instituted on February 1, 1960, and a summons and complaint forwarded to the Sheriff of Union County for service upon defendant John Martine at the address in this State above indicated. Also on the same date a summons and complaint was forwarded to the Director of the Division of Motor Vehicles under the provisions of N.J.S.A. 39:7-2 for substituted service upon defendant John H. Martine, a nonresident owner and residing at the address above indicated, to be served in the manner as required by N.J.S.A. 39:7-3.
On February 8, 1960 the Sheriff of Union County notified the attorney for plaintiff, "Deputy reports the defendant, John Martine, has moved to Florida about a year ago." On February 26, 1960 the Sheriff of Union County was furnished with a copy of the summons and complaint by the attorney for plaintiff and a request was made to serve the same on the Director as agent of defendant under the provisions of N.J.S.A. 39:7-2.1, as substituted service upon defendant John Martine, as the plaintiff had secured information that this defendant, formerly a resident, was then a nonresident and was residing at 200 West 53rd Terrace, Hialeah, Florida, P.O. Box 2342, Miami, Florida. On March 31, 1960 the Director notified the attorney for plaintiff that the certified mail containing the summons and complaint addressed to defendant John Martine, the operator, had been returned marked, "Sent to John Martine, 200 West 53rd Terrace, Hialeah, Florida, P.O. Box 2342, Miami, Florida, and forwarded to Colony Beach Club, Lido Beach, L.I., N.Y., moved and unclaimed." No *313 further attempts to serve this nonresident defendant were made.
On February 16, 1960 the Director notified the attorney for the plaintiff that the certified mail containing the summons and complaint forwarded to defendant John H. Martine, the owner, at the address indicated, had been returned marked, "Moved, left no address." No further attempts to serve this nonresident defendant were made.
Thereafter, on April 26, 1960, a default was entered by the clerk of this court at the request of plaintiff against both defendants.
On January 9, 1961 the matter was presented to the court at the request of plaintiff, after notice to the Fund hereinafter referred to, for the assessment of damages.
As a result of a notice to the Unsatisfied Claim and Judgment Fund Board by plaintiff, under N.J.S.A. 39:6-74, and in contemplation of a claim against the Fund for the amount of any judgment, and in furtherance of such notice and in behalf of the Fund and defendants, an attorney appeared for the Board, as authorized under N.J.S.A. 39:6-75, and objected to the default entered and to any assessment of damages thereunder, on the legal ground that the court did not have jurisdiction of defendants in that they had never been served in the action, as contemplated by the sections of the statute referred to and in compliance therewith. The matter was argued by consent and it is the contention of the plaintiff that service upon the Director in the manner indicated, as the agent of defendants, under the sections of the statute herein cited, is substituted service, as the Director is designated their agent for the purposes of such service and the court does have jurisdiction over defendants and can render a personal judgment against them irrespective of whether any notice is actually received by defendants.
N.J.S.A. 39:7-2 makes the Director of the Division of Motor Vehicles the agent for the acceptance of service of process, in any civil action or proceedings, upon any *314 nonresident person, corporation or association who drives or causes to be driven a motor vehicle upon the public highways of this State, and such operation shall be the signification of such agency agreement. The cited statute also provides as follows:
"The agreement that the Director of the Division of Motor Vehicles in the Department of Law and Public Safety shall be constituted the agent, of a nonresident operator or owner of a motor vehicle, which is involved in any accident in this State, for the acceptance of process in any such action or proceeding, shall be irrevocable and binding upon the executor or administrator of such operator or owner, and service of process shall be made upon the executor or administrator of any such operator or owner dying prior to the commencement of such an action or proceeding in the same manner and on the same notice as herein provided for service of process upon such operator or owner, and any such action or proceeding, duly commenced by service upon such an operator or owner under the provisions of this chapter, who shall die thereafter during the pendency of such action or proceeding, shall be continued against his executor or administrator by the court in which the same is pending, upon such application and notice as the court shall prescribe. The operating or causing to be operated of any such motor vehicle within this State shall be the signification of the agreement of such nonresident person operating the same, or of such person or persons or corporation or association for whom such motor vehicle is operated, of his, their or its agreement that any such process against him, or them, or it, or against his or their executors or administrators, which is so served shall be of the same legal force and validity as if served upon him or them personally or upon it in accordance with law within this State."
It appears clear from the wording of the foregoing provision that service on a defendant is contemplated and this section must be read together with the section herein cited setting forth the various methods of service.
N.J.S.A. 39:7-2.1 also makes the Director of the Division of Motor Vehicles the agent for the acceptance of process of any resident of this State driving or causing to be driven a motor vehicle upon the highways of this State and who thereafter becomes a nonresident. Service of process to be effected in all cases as provided in N.J.S.A. 39:7-3.
*315 Somewhat similar statutes have been the subject matter of decisions by the Supreme Court of the United States. The contention in each case was that the statutes were not a valid exercise of the police power and amounted to a denial of due process because they did not provide for service of process upon or notice of the pendency of the action to the defendant under the Fourteenth Amendment of the United States Constitution.
In Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927), it was held that a personal judgment rendered against a nonresident who has neither been served with process nor has appeared in the action is without any validity. It was further held that a state may make and enforce regulations reasonably calculated to promote care on the part of all residents and nonresidents alike who use its highways. A statute of the Commonwealth of Massachusetts having a similar objective to that under which substituted service is being effected in this State was under attack as a denial of due process. It was held that the statute was not a denial of due process and was within the police power because it did provide that a nonresident should actually receive and receipt for notice of the service and receive a copy of the process, and also allowed for reasonable continuances to afford a reasonable opportunity for a defense.
In Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928), a statute of this State providing for substituted service in motor vehicle cases was under attack as denying due process and therefore repugnant to the Fourteenth Amendment. The statute was chapter 232 of the Laws of 1924, and entitled "An Act providing for the service of process in the civil suits upon nonresident chauffeurs, operators, or nonresident owners whose motor vehicles are operated within the State of New Jersey," etc. The basis of the attack was that the statute did not contain any direction for process to be forwarded by the Secretary of State to the nonresident, and did not provide for any continuance for a reasonable opportunity to defend. The court *316 found that the statute did not contain any direction to the agent to forward to the defendant any notice of the pendency of the action in order to establish as a matter of reasonable probability that he had been made aware of the bringing of the same. Because the statute lacked any direction in regard to the forwarding of any such notice, even though one had been forwarded and received, it was held that constitutional validity was not satisfied as to any service made under the statute.
Chiarello v. Guerin Special Motor Freight, 22 N.J. Super. 431 (Law Div. 1952), is cited and relied upon by the plaintiff; however, the issue in that case was not the validity of the method of service, because the court specifically indicated that all such requirements had been met, but rather whether a vehicle which was parked upon a sidewalk was within the meaning of the statutory language "public highway," permitting substituted service under the statute. The court resolved the question in favor of the plaintiff, holding that the sidewalk was part of the highway and that a vehicle standing upon the sidewalk was within the definition of "public highway" as set forth in the statute, and was therefore being operated upon a public highway, and that the defendants could properly be served in accordance with N.J.S.A. 39:7-3.
It appears that the several amendments adopted since the decisions of the Supreme Court of the United States were adopted in order to overcome the constitutional objections of lack of due process resulting from a lack of direction concerning the service of notice upon the defendant and the failure to provide for continuations for a reasonable period of time in order to permit a proper defense. For a compilation of the decisions on this point and indicating what service constitutes due process, see the notes and annotations in 71 L.Ed., pages 1091-1093, and 72 L.Ed., pages 446-448.
The introductory paragraph in N.J.S.A. 39:7-3, after providing for service of process upon the Director, further provides, "Such service shall be sufficient service upon the *317 nonresident chauffeur, operator or owner, if," and then proceeds to indicate in its various lettered paragraphs the various methods of service to be followed. It further provides in paragraph (b) for the filing of the defendant's return receipt and the affidavit of compliance therewith by the Director, and both are to be filed in the office of the clerk of the court in which the action is pending. It appears clear from this language that it is the intent and objective of the statute that process, consisting of the summons and complaint, actually be received by the defendant.
The admitted facts and the return of the Director indicate a noncompliance, as the summons and complaint were never delivered. To permit a plaintiff to proceed after merely forwarding a summons and complaint to the Director and indicating a nonresident address can open the door to fraud and results in a lack of due process under the Fourteenth Amendment. The statute further contemplates that difficulty may be encountered in serving such nonresidents, because in paragraph (e) it provides for notice of such service, consisting of a delivery of a copy of the summons and complaint in such manner as the court shall deem sufficient and expedient.
It is noted, also, that plaintiff has not complied with R.R. 4:56-2(c) in that more than six months elapsed from the date of the default to the date of the application to the court for judgment, without any notice under the rule to the parties in default. The required notice would not, of course, be served under the circumstances indicated herein; however, the rule certainly contemplates proper jurisdiction over the defendants.
In order for the court to have jurisdiction over the proposed defendants there must be service in compliance with the statute, at least establishing a reasonable probability that notice of the pendency of the action has been received. Without such compliance and probability the court does not have the required jurisdiction and, as indicated *318 under the cases, there is then a denial of due process under the Fourteenth Amendment. The necessary requisites to satisfy due process have been indicated in State, by Parsons v. Standard Oil Co., 5 N.J. 281, 305 (1950), in this language:
"The fundamental requisite of due process is an opportunity to be heard on such notice as is in keeping with the character of the proceeding and adequate to safeguard the right entitled to protection."
This court concludes that under the statute the Director is merely the agency through whom it is intended the service of the summons and complaint shall be channeled; that there has not been the required compliance with the statute as to service upon these defendants; and the court consequently lacks jurisdiction over the defendants and any judgment entered would be invalid. The court lacking jurisdiction the default was improperly entered and it is set aside. An accordant order may be presented.