EMERY TRANSPORTATION COMPANY, appellee, v. ALBERT BAKER
and DAVID HANDELMAN, d/b/a BAKER LIQUOR
COMPANY, appellants.

No. 50766.

(Reported in 119 N.W.2d 272)

January 15, 1963.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for appellants.

John D. Randall, of Cedar Rapids, for appellee.

Larson, J.—In an action wherein plaintiff asked damages from defendants due to a collision between two motor vehicles

746

a default judgment was entered against each defendant on January 15, 1958. Defendants being nonresidents of Iowa, service was allegedly obtained upon them under the provisions of section 321.498 et seq., Code of Iowa, 1954.

Learning of this judgment on July 19, 1958, defendants filed a petition under rules 252 and 253, R. C. P., and chapter 683 of the Code, and alleged irregularities, a meritorious defense, and a lack of jurisdiction in the trial court. The prayer was that the judgment be set aside, that it be held void and of no force and effect, and that plaintiff be enjoined from issuing execution thereon. Affidavits were attached. On July 20, 1961, plaintiff's motion to dismiss defendants' petition was sustained, and they appeal.

I. The legal propositions involved are whether the service of notice satisfied the statutory requirements of section 321.498 et seq. of the Code of 1954, and whether defendants' petition to vacate the judgment against them was sufficient to require relief under rules 252 and 253 and chapter 683 of the Code. In view of our conclusion on the jurisdictional question, and our pronouncement in Jacobson v. Leap, 249 Iowa 1036, 1039, 88 N.W.2d 919, and citations, that while said rules are not applicable where the judgment is void, a petition filed thereunder, based upon a jurisdictional question, may be considered as a motion in the absence of objections to the procedure (and here there were none), we will not decide whether defendants' petition and affidavit satisfied the requirement that they allege a meritorious defense to the original action.

Since there was no objection to this procedure, we will only need to review the jurisdictional question. As to the issue pertaining to a meritorious defense, it will suffice to say "in the absence of a reasonably clear case of abuse of discretion", such as we found in the Eaton v. Downey case, 254 Iowa 573, 118 N.W.2d 583, the action of the lower court in ruling thereon will not be disturbed by us. Bleakley v. Long, 222 Iowa 76, 79, 268 N.W. 152, 154.

II. The principal issue before us then is whether plaintiff had acquired jurisdiction of the defendants, Albert Baker and David Handelman, so as to sustain a judgment against each. At

least two questions relating to the sufficiency of service appear in this appeal. While either decided adverse to plaintiff would be fatal to jurisdiction of the court, we find it necessary only to consider the question of whether notification as set forth in paragraph 2 of section 321.501 is satisfied by showing the envelope containing the notification addressed and mailed to the last known residence or place of abode of defendants was "unclaimed".

Section 321.501 provides in part: "2. By mailing to the defendant, and to each of the defendants if more than one, within ten days after said filing with the commissioner, by restricted registered mail addressed to the defendant at his last known residence or place of abode, a notification of the said filing with the commissioner." We have said the requirements of this statute must be complied with strictly. Esterdahl v. Wilson, 252 Iowa 1199, 110 N.W.2d 241; Johnson v. Brooks, 254 Iowa 278, 117 N.W.2d 457.

While there was some dispute as to whether a return showing the facts was made at the time default judgment was rendered, we shall assume for the purpose of this discussion that it was, and that it was called to the attention of the court. In the Plaintiff's Amendment to Affidavit of Service filed July 7, 1961, it is stated, "That the notice was sent as shown by the Affidavit of Service and that there is attached hereto, marked as Exhibit 'B', a photostatic copy of the return card showing that one of the parties was not in town. That there is also attached hereto, marked also as Exhibit 'B', a photostatic copy of the cover of the letter showing that notice was sent to the defendants and the same was unclaimed." As an explanation of the postal department procedure, counsel stated, "That the handling of registered mail is that if a registered letter cannot be delivered a notice is left by the carrier informing the addressee to call at the post office. After five (5) days if the letter has not been called for, a second notice is made out by the registered section and given to the carrier for delivery to the addressee marked 'second notice' and dated. Then after five (5) days from the second notice, if the letter has not been delivered or called for it is returned to the sender."

While this explanation is not proof of the fact, and in his motion to dismiss would be improper to so consider, we may for the purpose of this discussion accept the explanation as one which was given the trial court and one of which the court could itself take judicial notice. If such was the case here, and from an examination of the exhibits we believe that was the procedure followed, did the fact that defendants did not call at the post office to obtain the envelope constitute a good and sufficient delivery of the notice to them? We hold it did not.

III. Section 321.504, Code, 1954, provided: "In lieu of mailing said notification to the defendant in a foreign state, plaintiff may cause said notification to be personally served in the foreign state * * *."

Section 321.505 provided: "Proof of the filing of a copy of said original notice of suit with the commissioner, and proof of the mailing or personal delivery of said notification to said nonresident shall be made by affidavit of the party doing said acts. All affidavits of service shall be indorsed upon or attached to the originals of the papers to which they relate. All proofs of service, including the return registry receipt, shall be forthwith filed with the clerk of the district court."

Due to the fact that a restricted registered mail receipt was not available, plaintiff explains it was not possible to comply with the "forthwith" filing and thus the receipt did not appear in the files when defendants examined them in July of the succeeding year. Plaintiff asserts, however, that the court was at the time of the default judgment advised of the facts and that it made a finding that jurisdiction of the parties was acquired. We must assume the trial court found such jurisdiction existed when it entered the judgment. Miller v. Miller, 242 Iowa 706, 709, 46 N.W.2d 732; Swift v. Swift, 239 Iowa 62, 29 N.W.2d 535. But that finding is not conclusive so as to become res adjudicata, and from the true facts disclosed by the amended return we are now required to determine the issue of sufficient notification and jurisdiction in this appeal.

IV. The nub of the controversy is whether the card and envelope returned to the plaintiff sender showing that the envelope was "unclaimed", and explaining the reason it was not

delivered was that one of the two defendants to whom it was addressed was "not in town", satisfied the statutory requirement of notice.

The envelope bears the address "Baker Liquor Company, A Co-partnership consisting of Albert Baker and David Handelman, 3000 Seventh Avenue, Rock Island, Illinois." It was properly stamped, bore the term "Restricted Registered Mail", and had a return address affixed. Stamped thereon we find "Returned to Writer" and a check mark after the word "Unclaimed", and "Second Notice. No Reply to That Notice 11-9-57." The card entitled "Notice to sender of undelivered or abandoned mail" bearing a date of November 19, 1957, was checked in the provided box "Delivery restricted" with the words added, "One not in town".

It is noted these returns do not disclose a "refusal" by addressees to accept the notification—merely a failure by them to call at the post office for the letter when requested by the postal authorities. Although in a full hearing under such a return it might be possible to show an actual rejection or refusal, in the state of this record it must be concluded defendants had merely failed to pay attention to the post-office notice and claim the letter of notification. Thus the record affirmatively shows neither received the notification of the filing with the commissioner provided in section 321.501(2), which resulted in a lack of service and therefore a want of jurisdiction over Baker and Handelman.

While this is a case of first impression in Iowa, and involves a statutory interpretation of our nonresident provisions in section 321.498 et seq., similar questions have been decided in many other jurisdictions. Those having similar provisions without exception seem to hold such a notice is not received or jurisdiction acquired unless the notification is either delivered or is rejected by the addressee. We must agree with both the reasoning and conclusion in such decisions. Ex Parte Smith (1953), 258 Ala. 319, 62 So.2d 792; General Insurance Co. of America v. O'Day (1960), 144 Colo. 376, 356 P.2d 888; Paxson v. Crowson (1952), 47 Del. (8 Terry) 114, 87 A.2d 881; Parker v. Bond (Mo. 1959), 330 S.W.2d 121; White v. March

(1951), 147 Maine 63, 83 A.2d 296; Zander v. Martine (1961), 66 N. J. Super. 310, 169 A.2d 228; Kohler v. Derderian (D. C., N. Y., 1960), 187 F. Supp. 173; Muncie v. Westcraft Corporation (1961), 58 Wash.2d 36, 360 P.2d 744; Mollohan v. North Side Cheese Co. (1959), 144 W. Va. 215, 107 S.E.2d 372. We shall not burden this opinion with specific references to them. All hold a default judgment entered against the defendants void where they were not served with process as prescribed by law, and hold substantially that restricted registered mail properly addressed is not served where the return shows such stamping as "unknown", "unclaimed", "moved, left no address", etc. Only where it is shown the delivery was "refused" will the service be assumed complete. State ex rel. Charette v. District Court (1939), 107 Mont. 489, 86 P.2d 750; Wax v. Van Marter (1937), 124 Pa. Super. 573, 189 A. 537. Also see 5A Am. Jur., Automobiles and Highway Traffic, section 862, page 776; Annotations, 82 A. L. R. 768, 96 A. L. R. 594, 125 A. L. R. 457, 138 A. L R 1464; 9A Blashfield Cyclopedia of Automobile Law and Practice, section 5915, page 363.

■■ V. Our position as to the degree of compliance necessary under the referred sections of the Code has been made quite clear in the cases of Esterdahl v. Wilson and Johnson v. Brooks, both supra. Both held where the method of service provided is extraordinary in character and is allowed only because specially authorized and is valid as a means of obtaining jurisdiction, the statutory procedure must be *strictly* followed. In the Esterdahl case at page 1205 of 252 Iowa, page 244 of 110 N.W.2d, we announced our view as to the legislative intention, saying: "Our legislature has made it clear that it intended delivery to be made only to the defendant in person." Clearly, then, the act of timely *mailing* a notification, properly addressed, by restricted registered mail, does not end plaintiff's obligation. A receipt showing it has been delivered is required by section 321.505, and with the possible exception of refusal by addressee to accept offered delivery of same, plaintiff must show actual delivery of the notice, usually by the return receipt. When the return shows otherwise, as it did here, there remains an obligation upon plaintiff to seek other means of notification,

i.e., service on defendants personally under section 321.504. While a refusal by defendants to accept delivery might involve a question of due proof, the sufficiency of which we do not here consider, the conclusion seems inescapable that if one refuses to receive the letter of notification from the postman and will not sign the receipt, the statute is satisfied with a showing he had an opportunity to do so. It would appear to be the same as a refusal to take a notice tendered by a sheriff or other proper process server.

Considering, then, the legislative mandate that one who selects the mailing method of notification must show delivery or refusal to accept, when delivery is tendered, a mere notification that defendant should call at the post office to accept it, on penalty that it be considered duly served, would indeed be unknown in the law. It would be as strange as a requirement that one must go to the sheriff's office to accept service of a notice when he is notified that the sheriff had attempted service upon him and found him out of town. Such a requirement clearly does not appear in these statutes and we cannot provide it by an interpretation. The burden to show delivery, therefore, remains upon the one seeking the service. In other words, we interpret the statute as requiring one attempting to obtain service on a nonresident to show actual or offered delivery of the notification to the person named, or he must obtain another method of notification, i.e., personal service in the other state (section 321.504), if the court is to obtain jurisdiction of the person of the defendant. Parker v. Bond, supra.

VI. Other jurisdictional questions which appear meritorious were raised by appellants, but in view of our holding above need not be decided here. They question whether the notice and mailing envelope were properly addressed in view of the fact that the action was against the individuals, Baker and Handelman, and that the judgment was secured against not the Baker Liquor Company but the individuals. They raise the further question of whether, under the action as brought, the statute required not one but two notices, one for each defendant. Section 321.501(2). It is sufficient to say both of these complaints

raise serious doubts as to the sufficiency of the notification to defendants, had it been delivered.

We are satisfied from the record submitted that the trial court had not acquired jurisdiction of the defendants and that the purported judgment is void and of no force and effect. The cause must, therefore, be reversed and remanded for an order setting aside the judgment.—Reversed and remanded.

All JUSTICES concur.