EMERY TRANSPORTATION COMPANY, appellant, v. ALBERT BAKER and DAVID HANDELMAN, a copartnership operating the BAKER LIQUOR COMPANY, appellees.

No. 51635.

(Reported in 136 N.W.2d 529)

July 29, 1965.

John D. Randall, of Cedar Rapids, for appellant.

Shuttleworth & Ingersoll, of Cedar Rapids, for appellees.

SNELL, J.—This is the second appeal in this case. Our opinion on the first appeal appears in 254 Iowa 744, 119 N.W.2d 272.

Only a brief summary of the factual background is necessary.

Plaintiff is a nonresident corporation.

Defendants are nonresident partners doing business as Baker Liquor Company.

On November 2, 1957, plaintiff filed its petition in Linn District Court claiming damages from defendants as a result of a collision of motor vehicles.

Defendants being nonresidents of Iowa service of notice was attempted under the provisions of section 321.498 et seq., Code of Iowa 1954.

Defendants not appearing plaintiff obtained judgment by default on January 15, 1958. Subsequently, defendants learned of the judgment against them. Defendants, under rule 252, Rules of Civil Procedure, petitioned the court for vacation of the judgment as void for lack of jurisdiction in the court. The trial court dismissed defendants' petition to vacate.

On appeal from the dismissal we held that the trial court had not acquired jurisdiction of the defendants and that the purported judgment was void and of no force and effect. 254 Iowa, loc. cit. 752.

Our opinion was filed January 15, 1963. On January 24, 1963, there was filed in the district court "Plaintiff's Application for Leave to Serve Notice on Defendants-Appellants."

Time for issuance of procedendo pursuant to our opinion had not been reached.

Defendants through counsel appeared specially attacking the jurisdiction of the district court. The special appearance was sustained on the ground that jurisdiction was still in the Supreme Court.

On March 11, 1963, defendants again appeared specially, showing, by copies of notices, personal service of new notices on defendant Handelman in Illinois on February 23, 1963, and on defendant Baker in Indiana on February 26, 1963. There were two notices to each defendant. The first was an ordinary original notice requiring appearance within 20 days after service. The second referred to the service in November 1957 on the Commissioner of Public Safety, alleged the sufficiency of notification thereunder, referred to the judgment of January 15, 1958, and required appearance within 20 days after service. The allegation of sufficiency of notice was contrary to our decision.

On April 2, 1963, a second special appearance with copies of notices and returns of service attached was filed. Affidavits and certificates followed and on April 5, 1963, the special appearances were sustained.

On March 13, 1964, a Supplemental Special Appearance was filed referring to additional returns of service. Plaintiff filed a resistance on August 27, 1964, and on August 31, 1964, an "Application for Order Determining that Defendants are in Court or to Order Service to be made on Defendants." To this defendants filed Supplemental Special Appearance II. Plaintiff's documents are extensive and present plaintiff's argument. They show stamina and persistence on the part of plaintiff's counsel but nowhere is there any such showing of compliance with the statutes as is necessary to confer jurisdiction.

On September 10, 1964, the trial court sustained defendants' special appearances.

Plaintiff has appealed.

I. In this case there has never been any personal serv-

1264

ice of notice on defendants within the state. Jurisdiction is dependent on proof of compliance with the nonresident motor vehicle statutes, section 321.498 et seq., Code of Iowa.

On this appeal plaintiff argues matters claimed to have been overlooked or not considered by the court on the first appeal. We do not agree with plaintiff's contention that the question is unresolved. On the first appeal the question was the sufficiency of the notice to confer jurisdiction. We held unequivocally that the court had not acquired jurisdiction of defendants and that the purported judgment was void. The case was remanded for an order setting aside the judgment. 254 Iowa, loc. cit. 752.

That holding is res judicata on the question of jurisdiction based on the service of notice to the date of determination in the trial court.

II. Jurisdiction of the person in a civil case may be acquired by service of notice pursuant to statute or by a general appearance by defendant. Rule 48, Rules of Civil Procedure. Incorporated Town of Dows v. DeLong, 149 Iowa 251, 253, 128 N.W. 341.

Plaintiff argues that defendants' petition to vacate the judgment for lack of jurisdiction and the attack on the notices constituted such an appearance as to confer jurisdiction of the person. We do not agree. There has never been any participation or appearance by defendants sufficient to confer jurisdiction. Defendants' attack has been jurisdictional. It would be anomalous and a distortion of the statutes to say that a defendant by attacking a judgment void for lack of jurisdiction thereby conferred jurisdiction on the court to proceed to trial on the merits.

As bearing on the effect of an appearance or waiver after a judgment held void see Doyle v. Willcockson, 184 Iowa 757, 767, 169 N.W. 241.

We held on the first appeal that the judgment was void. 254 Iowa, loc. cit. 752.

"A void judgment is not validated by anything filed thereafter in an attempt to vacate it." Jacobson v. Leap, 249 Iowa 1036, 1040, 88 N.W.2d 919.

Defendants' attack on the judgment was jurisdictional. We

need not decide the sufficiency of affidavits as to a meritorious defense. See opinion on first appeal. 254 Iowa, loc. cit. 746.

A jurisdictional attack does not constitute a general appearance nor submission to the jurisdiction of the court except for the vacation of the judgment.

When we upheld defendants' claim of no jurisdiction and vacated the judgment there was nothing left in the case except the petition.

III. On August 31, 1964, plaintiff asked the trial court for an order determining that defendants were in court "or to order service to be made on defendants." At that time we had held that defendants were not in court. We know of no law under which a court may prescribe service of notice, except as prescribed by statute, and thereby acquire jurisdiction. Plaintiff's application was without legal support.

IV. Plaintiff argues that because the statute of limitations had run against its claim when our opinion on the first appeal was filed the original notices should be validated or new notices prescribed. Such delays as may have occurred were not in our court. Our records show that the first appeal was disposed of promptly after submission. It also appears from plaintiff's argument that the statute of limitations had run long before the case ever started on its way to our court.

It is not within the power of the district court or our court to toll or repeal the statute of limitations by validating a void notice or prescribing an unauthorized notice.

V. Section 321.501 provides the manner of service on nonresidents. Subsection 2 requires mailing to defendants a notification within ten days after filing of the notice with the commissioner. Neither defendant received such notice. Notice is not received or jurisdiction acquired unless the notification is either delivered or is rejected by the addressee. 254 Iowa, loc. cit. 749.

The time of mailing notification is an element of importance in fixing jurisdiction. However, if each step is taken as required and notification is delivered or refused the date of actual jurisdiction is fixed as the date of filing with the commissioner and the mailing of notification. Kraft v. Bahr, 256 Iowa

822, 832, 833, 128 N.W.2d 261, 267. Johnson v. Brooks, 254 Iowa 278, 285, 117 N.W.2d 457. If the mailing of notification is within the time required slight delay in delivery incident to forwarding by the post-office department is not fatal but the mailing must be timely. Kraft v. Bahr and Johnson v. Brooks, both supra.

VI. Section 321.504, Code of Iowa, authorizes as optional procedure personal service of notification outside Iowa in lieu of mailing pursuant to section 321.501.

In February 1963, more than five years after filing of notice with the commissioner, plaintiff caused new notices to be served on defendants in Illinois and Indiana.

In the errors relied on for reversal plaintiff does not argue that these notices were in compliance with the statute as to form or time or sufficient to confer jurisdiction of the person of defendants.

Plaintiff does argue that defendants should be required to file answer "or have the court state in what way the defendants should be advised of the pendency of the action." Without jurisdiction or statutory authority for acquiring jurisdiction there is no power in a court to comply with such a request. Plaintiff argues that under Kraft v. Bahr, supra, if the notice was properly filed with the commissioner and notification properly mailed the fact that notification and notice were actually delivered after the running of the statute of limitations is immaterial. Our holding in Kraft does not save plaintiff here. In Kraft notice was filed with the commissioner and notification properly mailed to defendant at his last known address within the time required. Defendant had apparently moved. The original notification was forwarded, delivered and receipted for by defendant. In the case at bar the original timely notification was never delivered, receipted for or refused.

In Kraft we referred to the first appeal in this case in these words:

"We did say in Emery Transportation Co. v. Baker, supra, that the notification required by section 321.501 is not served so as to confer jurisdiction over the nonresident unless it is actually delivered to or rejected by such defendant. We held plaintiff must show he met the requirement of mailing a proper and

timely notification, and that in due course the letter reached defendant and he either accepted or rejected it in order to prove compliance with this statute."

There is nothing in the Kraft opinion holding that after jurisdiction has been successfully attacked plaintiff can serve new and different notices and have the acquiring of jurisdiction relate back to the filing of notice with the commissioner.

VII. We have considered all of the notices and notifications and arguments of counsel in support thereof. We conclude that the court was without jurisdiction and that the special appearances were properly sustained.

The case is—Affirmed.

GARFIELD, C. J., and HAYS, LARSON, THORNTON, MOORE and STUART, JJ., concur.

MASON and RAWLINGS, JJ., take no part.