# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0235
Filed February 25, 2026

———————————

**John J. Ahlen,**
Plaintiff–Appellee,

v.

**Tyrell Letre Williams,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Lee (South) County,
The Honorable Clinton R. Boddicker, Judge.

———————————

## REVERSED AND REMANDED

———————————

Nathan R. McConkey and James M. Heckmann of Huber, Book, Lanz &
McConkey, PLLC, West Des Moines, attorneys for appellant.

Erik A. Luthens of Parrish-Sams Luthens Law, P.C., West Des Moines,
attorney for appellee.

———————————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

John Ahlen filed this action against Tyrell Williams seeking damages Ahlen claims to have sustained in a motor vehicle collision between the parties.[1] Ahlen tried to attain personal service of original notice of this action on Williams, but he was not successful. Believing Williams lived in Texas, Ahlen then attempted to serve the original notice by using Iowa's statute for actions against nonresident motorists. *See* Iowa Code §§ 321.498-.513 (2024). Williams filed a pre-answer motion to dismiss claiming service was inadequate and untimely. The district court denied his motion. Williams sought appellate review. Our supreme court granted Williams an interlocutory appeal and transferred the case to our court.

## I.    Background

Ahlen filed the petition that started this action on February 15, 2024. Our rules of civil procedure required him to serve Williams with original notice within ninety days of the petition's filing—that is by May 15. *See* Iowa R. Civ. P. 1.302(5).

On May 15, Ahlen filed a motion asking to extend the service deadline. He included details about his efforts to serve Williams. Those details included that the process server Ahlen hired unsuccessfully tried service at the address stated on the accident report prepared by a law enforcement officer investigating the collision (the first address). The process server notified Ahlen of the unsuccessful attempt, including informing Ahlen that

---

[1] Also in this action, Ahlen brought a claim against the insurance company that provides Ahlen with underinsured motorist coverage. As this appeal does not involve the claim against the insurance company, we do not include that defendant in the caption of or discussion in this opinion. *See* Iowa R. App. P. 6.152(2) ("Parties not involved in the appeal may be omitted from the caption.").

the process server "[s]poke to a lady who stated she has lived in the home with her family for the past five years [and] [h]as no idea who . . . Williams is."

The process server also notified Ahlen that it had done a search and found a possible new address at which to serve Williams (the second address). Ahlen authorized an attempt to serve at the second address. This attempt was also unsuccessful. The process server notified Ahlen of the unsuccessful attempt, including informing Ahlen that "[s]ubject[']s sister stated subject does not reside."

Based on those efforts at service, the court found good cause for extending the service deadline and gave Ahlen an additional sixty days—that is until July 14. *See id.* (directing the court to grant an extension for an appropriate period upon a showing of good cause). Neither party challenges the propriety of this extension.

Ahlen eventually started the statutory process for serving a nonresident motorist. *See* Iowa Code §§ 321.498–.513. Specifically, he attempted service under Iowa Code section 321.501, which permits service using this procedure:

> The plaintiff in any action against a nonresident shall cause the original notice of suit to be served by doing all of the following:
>
> 1. By filing a copy of the original notice of suit with the director, together with a fee of two dollars.
>
> 2. By mailing to the defendant, and to each of the defendants if there are more than one, within ten days after said filing with the director, by restricted certified mail addressed to the defendant at the defendant's last known residence or place of abode, a notification of the filing with the director.

Ahlen complied with section 321.501(1) by filing a copy of the original notice with the director of the Iowa Department of Transportation (DOT) and paying the required fee. He attempted to comply with section 321.501(2) by sending a notification of the filing with the DOT to Williams at the first address by restricted certified mail through the United States Postal Service (USPS). The USPS attempted to deliver the notice on July 24 but failed because there was "No Authorized Recipient Available" at the address. Five days later it sent a "Reminder to Schedule Redelivery of [the] item." On August 24, the USPS designated the mailing as "Unclaimed" and returned it to Ahlen.

On September 6, Ahlen filed documents purporting to show compliance with service under section 321.501. He later filed notice of intent to apply for entry of default judgment. Williams responded with a motion to dismiss the petition, contending Ahlen did not adequately and timely serve him with original notice. The court denied the motion, finding Ahlen "fully complied with the procedure outlined in Iowa Code Sections 321.501 through 321.503" and "Williams rejected the restricted certified mail sent to him" by failing to claim it. The court also denied Williams's subsequent Iowa Rule of Civil Procedure 1.904(2) motion to reconsider, enlarge, and amend.

In this interlocutory appeal Williams raises two claims. He claims the motion to dismiss should have been granted because service was not timely. He also claims the district court erred by finding Ahlen had complied with section 321.501 and thus erred in denying his motion to dismiss.

## II.    Analysis

We find it unnecessary to decide Williams's timeliness challenge because resolution of his inadequate-service claim is dispositive. So, we start

with that second issue, beginning with the standard of review.

### A.  Standard of Review

We review a district court's ruling on a motion to dismiss for failure to serve original notice in a timely manner for correction of errors at law. *Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000). The district court's factual findings are binding on us "unless they are not supported by substantial evidence." *Id.* But we are not bound by the district court's application of legal principles or conclusions of law. *Id.*

### B.  Merits

Williams argues the court erred by finding Ahlen complied with section 321.501. So, he contends we should reverse its denial of his motion to dismiss.

Our resolution of this issue is guided by our supreme court's decision in the factually similar case of *Emery Transportation Company v. Baker*. 119 N.W.2d 272 (Iowa 1963). In *Emery*, the supreme court held that extraordinary methods of service of process, like the method outlined in Iowa Code sections 321.498 to 321.513, require strict compliance with the service procedure. *Id.* at 276. In that case, the plaintiff served the appropriate official (now the director of the DOT) and used the appropriate method (then restricted registered mail) to mail notice to the defendant. *Id.* at 275–76. The defendant did not sign the return receipt, and the mailing was returned to the plaintiff marked "unclaimed." *Id.* at 276. The court found mailing notice under section 321.501 alone was not sufficient to strictly comply with the code's provisions. *Id.* at 277; *see also* Iowa Code §§ 321.501, .505. Instead, actual delivery, typically shown by return receipt or refusal of delivery of the notice, is required. *Emery*, 119 N.W.2d at 276–77. The court expressly

rejected the contention that return of the mailing as "unclaimed" constituted refusal of delivery. *Id.* at 276. Likewise, the court rejected any notion that a defendant's failure to "to call at the post office for the letter when requested by the postal authorities" constituted refusal of delivery. *Id.* So, when the mailing is returned as "unclaimed," the plaintiff remains obligated to "seek other means of notification, i.e. service on defendant[] personally under section 321.504." *Id.* at 277. The court concluded that the plaintiff had not strictly complied with the statute because he did not obtain a return receipt showing delivery and the return of the mailing marked "unclaimed" was not sufficient to show refusal of delivery.[2] *Id.*

Here, we have a fact pattern strikingly similar to that in *Emery*. Just as in *Emery*, Ahlen sent the notification of filing of original notice with the appropriate officer (i.e., the director of the DOT) to Williams. *See id.* at 275–76. Williams did not sign a receipt acknowledging that he received it. Nor did Williams respond to any notices we assume for the sake of discussion the USPS left at the first address asking Williams to pick up the mailing at the post office. As a result, the mailing was returned marked as "unclaimed." Just as the *Emery* court did with similar facts, we find Ahlen failed to strictly comply with section 321.501, so Ahlen still has not been served with original notice. *See id.* at 277. The district court's findings that Ahlen fully complied with the procedure outlined in section 321.501, that Williams received notice of the restricted certified mail from the USPS, and that he failed to claim it is not supported by substantial evidence. The district court's legal conclusion that Williams's failure to go to the post office to pick up the mailing

---

[2] Our supreme court recently cited *Emery* favorably as it confirmed that strict compliance with the requirements of section 321.501(2) is required and "the plaintiff must show the notice was either (1) actually received by the defendant or (2) offered to the defendant but refused." *Lucas v. Warhol*, 23 N.W.3d 19, 31 (Iowa 2025).

constituted rejection of the mailing contradicts our supreme court's edicts in *Emery* and *Lucas*, so we find the court erred in reaching that conclusion.

In short, the district court erred in determining that Ahlen had properly served Williams.

## III.    Remedy

Having concluded that Ahlen failed to properly serve Williams via the procedure in section 321.501, we turn to the question of remedy.  Williams contends the remedy is to remand with directions to dismiss Ahlen's petition without prejudice.  *See* Iowa R. Civ. P. 1.302(5).  Ahlen contends the remedy is to grant him a further extension of time.

We find the appropriate remedy to be remand with directions for dismissal.  As a starting point, Ahlen failed to preserve error on his request for an extension because he failed to ask for such an extension to the district court.  *See Eikenberry v. Owens*, No. 19-1723, 2021 WL 210754, at *1 (Iowa Ct. App. Jan. 21, 2021) (refusing to grant additional time or an alternate manner of service when the plaintiff didn't ask the district court for the same).  Further, Ahlen makes no substantive factual argument and cites no authority supporting his request for an extension of time, so he has forfeited this issue.  *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) (noting a party forfeits an issue on appeal when the party fails to make more than a perfunctory argument or fails to cite any authority in support of an issue).  And, even if Ahlen had preserved error and not forfeited the issue, our case law supports declining the relief Ahlen requests.  For example, in *Butler v. Nalvanko*, after determining the plaintiff failed to successfully follow the procedure for service under section 321.501, our court remanded for dismissal of the petition.  No. 10-0965, 2011 WL 441483, at *3–4 (Iowa Ct.

App. Feb. 9, 2011). And that was the outcome even though the plaintiff asked the district court for an extension of time after the defendant filed a motion to dismiss pointing out the deficiencies in following the procedure for service under section 321.501. *Id.* at *4. Here, even after Williams filed his motion accurately highlighting the deficiencies in service, Ahlen didn't ask for an additional extension as alternative relief as he resisted the motion. This detail makes an even more compelling case for declining Ahlen's requested relief.

## IV.    Conclusion

Ahlen failed to strictly comply with the requirements for service under section 321.501 because the mailing he sent was neither received nor refused by Williams. As such Williams was not properly or timely served, and the district court erred in concluding otherwise. We find the appropriate remedy to be dismissal without prejudice.

We reverse the district court's order denying Williams's motion to dismiss. We remand for an order dismissing Ahlen's petition without prejudice.

**REVERSED AND REMANDED.**