MILTON E. JOHNSON, appellee, v. J. FRED BROOKS, d/b/a BROOKS CONSTRUCTION COMPANY of Kahoka, Missouri, appellants.

## No. 50750.

(Reported in 117 N.W.2d 457)

OCTOBER 16, 1962.

Gilmore, Dull & Keith, of Ottumwa, for appellants.

Robert Parkin, of Fairfield, and D. W. Harris, of Bloomfield, for appellee.

LARSON, J.—The sole issue presented here, stated simply, is whether the action for damages was barred by the statute of limitations before it was properly commenced. The trial court held the service of notices was timely and proper and that the claim was not barred. We are unable to agree.

Both appellee and appellants were and are nonresidents of Iowa. An accident occurred September 24, 1959, in Jefferson County, Iowa, involving their vehicles. Plaintiff-appellee's petition filed September 23, 1961, prays judgment for personal injuries in the amount of $9998. Plaintiff attempted to secure jurisdiction by service of notice of the suit under sections 321.498 to 321.505 inclusive of the Code of Iowa, 1958. Appellants contend he failed to comply with the requirements of section 321.501 until after the action was barred by the statute of limitations.

The record discloses that one of plaintiff's attorneys mailed a copy of the required original notice to the Commissioner of Public Safety on September 22, 1961. Because his office was not open on Saturday, the 23d, or Sunday, the 24th, the actual filing occurred on Monday, September 25, 1961. It is conceded the filing of the notice was timely because the twenty-fourth was a Sunday. A dispute arose when it appeared plaintiff's attorney had also mailed to each defendant by restricted certified mail a notification of the filing with the commissioner on the twenty-second day of September. These notices stated that the original notice *was* filed with the commissioner on *September 23, 1961.* It also appeared plaintiff's attorney had thereafter again notified the nonresident defendants by restricted certified mail

on September 28, 1961, that he *had* filed notice of suit with the commissioner *September 25, 1961.*

Defendants filed a special appearance attacking the jurisdiction of the court, substantially on the ground that the plaintiff had not strictly complied with the relevant nonresident statutes necessary to commence the action within the two-year period of the statute of limitations. Sections 321.501, 321.502 and 614.1(3), Code of Iowa, 1962. The trial court overruled the special appearance, and when we denied an application for an interlocutory appeal as to that question defendants filed answer and raised therein the law question involved, as a defensive matter. They, in substance, alleged the action was not legally commenced within the two-year period of the statute of limitations and was therefore barred, that there was no remedy available to plaintiff that the court could grant, and that it lacked jurisdiction to consider the matter on its merits.

Thereafter appellee and appellants jointly applied to the court for an adjudication of the law points involved and, when the trial court held the defense stated was not established and that the cause of action was not barred, appellants applied for and were granted this interlocutory appeal.

I. While it is true, courts do not look with favor upon a defense of the statute of limitations, the vital question here is whether the plaintiff obtained service on defendants on September 25 by mailing notices to them prior to the filing before the commissioner. Appellants contend the trial court erred in overruling the special appearance and in its ruling that appellee had sufficiently complied with the provisions of section 321.501, Code, 1958. It is noted the sections involved are the same in the 1958 and 1962 Codes.

II. Section 321.501, Code 1962, provides: "Plaintiff in any such action shall cause the original notice of suit to be served as follows:

"1. By filing a copy of said original notice of suit with said commissioner, together with a fee of two dollars, and

"2. By mailing to the defendant, and to each of the defendants if more than one, within ten days after said filing with the commissioner, by restricted certified mail addressed to the de-

fendant at his last known residence or place of abode, a notification of the said filing with the commissioner."

Both 1 and 2 are definitely required as a part of the service of the original notice, and no jurisdiction can be acquired until both requirements have been met. Esterdahl v. Wilson, 252 Iowa 1199, 1208, 110 N.W.2d 241, 245.

III. Appellants rely on two brief points, i.e., that this personal injury action is barred by the two-year statute of limitations (section 614.1(3), Code of Iowa, 1962) and that such an action against a nonresident can be effectively commenced only by strict compliance with the nonresident statutes of the state. Sections 321.498 and 321.512, Code of Iowa, 1962.

We have had occasion to consider both of these propositions in the recent case of Esterdahl v. Wilson, 252 Iowa 1199, 110 N.W.2d 241. While the exact provision involved in the Esterdahl case was not the same as here, it would be difficult to avoid the rule of construction laid down therein, and hold here that procedure set forth in section 321.501 had been strictly followed. In that case plaintiff had sent notices of the filing with the commissioner by "certified mail", not "restricted certified mail", and although it appeared defendants received the notices, we held this statute meant just what it said, and in order to obtain proper and sufficient service of defendant, the provisions or requirements of the statute must be complied with strictly.

We said therein at page 1203 of 252 Iowa, and page 243 of 110 N.W.2d: "It is the general rule that where the method of service provided is extraordinary in character and is allowed only because specially authorized and is valid as a means of obtaining jurisdiction the statutory procedure must be strictly followed", citing Bradley Mfg. Co. v. Burrhus, 135 Iowa 324, 327, 112 N.W. 765, 766; Davis v. Jones, 247 Iowa 1031, 1035, 78 N.W.2d 6, 8; and Jermaine v. Graf, 225 Iowa 1063, 1066, 283 N.W. 428, 430. In the Bradley case it is stated: "The method of procedure is extraordinary in character, and allowable only because specifically authorized; and, in common with other legislative acts which mark a departure from the ordinary, the provisions must be strictly construed in the

sense, at least, that the operation thereof may not be abridged or extended by the courts."

This rule has been quoted with approval in all the cases above referred to and we can attach no other meaning to it than that courts will not attempt to circumvent or abridge the obvious meaning of the expressions used in the statute authorizing such an extraordinary method of service upon a nonresident. We think it became plaintiff's obligation, in light of these pronouncements, to show he did comply with a narrow and literal compliance with the statute's requirements. Appellants say he has failed to do so because he was required not only to file a copy of the original notice with the commissioner before the two-year period of the statute, but, having filed it, and *after* having filed it, he must show he sent a notice thereof to each of the appellants within ten days thereafter, in substantially the form provided by section 321.502. Section 321.502 provides:

"The notification, provided for in section 321.501, shall be in substantially the following form, to wit: 'To............ * * *. You will take notice that an original notice of suit against you, a copy of which is hereto attached, *was* duly served upon you at Des Moines, Iowa, *by filing* a copy of said notice on the ........ day of ..................., 19........, with the commissioner of the public safety department of the state of Iowa. * * *.'" (Emphasis supplied.)

Under section 321.504 notification may be served personally in the foreign state by delivering such notification to defendant or offering to do so, but no such attempt was made herein.

IV. Appellants vigorously contend that these sections do not give or infer a right to inform defendants that an original notice *will be* filed at any future date, that whatever its reason the legislature clearly required a filing with the commissioner *before* a notification be given defendant.

Appellants argue that appellee's first set of notices to appellants was mailed before there was a filing in the commissioner's office, and was thus invalid. They also argue these notices were mailed on September 22 when the appellee knew or should have known there had been no filing as required, and

that they were actually dated September 23, the day appellee hoped the filing would occur. Thus they maintain that these first notices were untrue on their face for they obviously notified appellants by said mailing on September 22 that the original notice "was duly served upon you at Des Moines, Iowa, by filing a copy of said notice on the 23rd day of September, 1961." This, they say, is hardly strict compliance with the statute. We agree.

We must also agree that no direct authority exists for such notices to tell defendants "there will be filed or will be on file" a copy of the original notice, that the notifications made by mailing were actually prior to the time of filing, and that they did say the original notice *was duly served* on the twenty-third day of September, not September 25. It is our thought that these irregularities were in such a vital area that it must be concluded appellee failed to show a strict and literal compliance with section 321.501 of the Code.

██ Of course there appears to be no basis for a holding that a notification here is sufficient if it states that a copy of the original notice *will* be filed with the commissioner. If such was the intention of the legislature, it could have and would have so provided. This is best illustrated in rule 50, Rules of Civil Procedure, which provides for the contents of original notices. It states: "The original notice shall * * * state either that the petition is on file * * * or that it will be so filed by a stated date * * *." A conclusion is, therefore, necessary that by not including "will be", such an option is not available to plaintiff in this extraordinary proceeding. It may well be that the legislature did not desire a notification to defendant in advance of the filing with the commissioner. Such a restriction is not unreasonable, to say the least. Used as a threat before an action was actually commenced, such a notice could cause a nonresident both anxiety and expense, a situation which the legislature may have considered as undesirable, and avoidable by the use of the language employed. At any rate we hold such a notification could scarcely comply with the requirement that the defendant be notified of the actual filing. Whatever the legislative intent, we are firmly committed to the rule that

strict compliance with its requirements is necessary and that neither substantial compliance nor a showing that defendants were not prejudiced will suffice to obtain jurisdiction by this extraordinary method.

From what we have said, it is clear the notices sent to defendants on September 22 were premature and did not state facts required in section 321.502. The notices were mailed before the filing and thus were invalid as not being in compliance with the period required by the statute, nor did they advise defendants as to the actual date of filing.

V. Apparently appellee himself doubted the sufficiency of these notifications, for on September 28, 1961, he again mailed notifications to defendants—notifications which said the original notice *was* duly served on the 25th of September—and which were within ten days thereafter. Had they been mailed on the 25th instead of the 28th, which would have been before the statute of limitations barred the action, they would no doubt have satisfied the jurisdictional requirements of the law. But he did not do so. The trial court did not consider the second set of notices and appellee does not now seriously contend they were timely or helpful to his cause. We also conclude those notices were too late for, as pointed out before, both requirements of section 321.501 must be met before the action is barred by the statute of limitations. Esterdahl v. Wilson, supra, 252 Iowa 1199, 1208, 110 N.W.2d 241, 245.

VI. While recognizing our pronouncements in the Esterdahl case, appellee believes the language used in section 321.501 as to when the notice to the defendant must be served merely fixes the last day of the period but not the beginning of the point of time. This obviously was the position adopted by the trial court. Unless, then, the statute can be so construed, appellee under this record cannot prevail. Appellee urges there is a real question as to the meaning of the statutory words "*within* ten days *after* said filing with the commissioner" defendant be notified "*of the said filing* with the commissioner." (Emphasis supplied.)

We find it difficult to construe such language, when considered with section 321.502, other than a requirement that *after*

filing a copy of the original notice with the commissioner the plaintiff must within ten days give the defendant or defendants notification of the filing by restricted certified mail.

 We have carefully examined the authorities cited in support of appellee's contention that we should construe the words "within" or "within ten days after said filing" as limiting the time one has to serve notice on defendant but not establishing the first point of time at which the notice may be given. He cites Jensen v. Nelson, 236 Iowa 569, 19 N.W.2d 596; Adams v. Ingalls Packing Co., 30 Wash.2d 282, 191 P.2d 699; Bielan v. Bielan, 135 Conn. 163, 62 A.2d 664, 9 A. L. R.2d 1019; Words and Phrases, Volume 45, page 378; and others for his proposition. None of them involves the sufficiency of an original notice, and in none does the commencement date play a vital part in the notice itself. Without reviewing those authorities, it is noted that in most of them the only date necessary for the full protection of the other parties was the termination date. Not so in the case at bar. What appellee fails to comprehend is that, as used in this statute, filing of the copy of the original notice is made a condition to the validity of the notice to defendant. We recognized this situation in the Jensen case where an important provision of a will made commencement of actual building operations within two years after the death of testatrix a condition to the validity of a legacy. Also see In re Estate of White, 130 Kan. 714, 288 P. 764.

It is true the question resolves itself as to the meaning of the word "within" as it is used in the statute itself. It is a problem in statutory construction. A word or even several words taken out of context often leaves the meaning obscure. In fixing time the words "within" or "within ten days after said filing" are fairly susceptible of different meanings. We have said it may be taken to fix both the beginning and end of the period of time in which a specified act must be done. Jensen v. Nelson, supra. In this sense "within" may mean "during", and when we consider its use here with other pertinent provisions of these statutes, we are satisfied it was here used in that sense. The statute clearly requires the appellee to notify the defendants that the copy of the original notice *has* already been filed with the commissioner, and from the time of that filing appellee had only ten days to

properly notify the defendants. Thus we have a significant commencement date as well as terminus date fixed by the words of the statute, which is the polestar for its true meaning in such matters.

VII. Understandably, the trial judges involved in this matter were reluctant to deny plaintiff a day in court since, had the commissioner's office been open on Saturday, the filing would have been on the 23d instead of the 25th, and a notice received by one of the defendants on the 23d would have correctly stated that the copy of the original notice had been filed on the 23d as stated therein. As it was, there was no notice on file on the 23d. The first notification to defendants was actually given by mailing before the 23d. Literally, they could not comply with the specific procedural requirements of the statute. Since the notifications were fatally defective, plaintiff failed to obtain timely service upon the defendants and the court had no jurisdiction to try this action for damages.

That is not the most troublesome question here. The mystery to us is why litigants so often wait to commence an action on such a claim until only hours remain before it is barred.

However, we can do no more than repeat here that it is not for us to regret that we have been compelled to follow strict and technical lines set out by our previous decisions. They seem to have established an orderly process of procedure and serve a definite purpose. They are more than technical. They have substance, in that they lay down definite rules which are essential in court proceedings and are necessary so that all those involved may know what may and may not be done, thereby avoiding confusion and uncertainty. Here we are satisfied they are sufficiently clear and definite as to the time and order of filing and notification, and that we should not open the door to endless litigation as to what is or is not substantial compliance with the plain statutory requirements to obtain service on a nonresident defendant.

So holding, the rulings of the trial court must be reversed and the cause remanded for judgment in accordance herewith.— Reversed and remanded.

All JUSTICES concur.