James W. HEENEY, Appellant,

v.

Marjorie E. MINER, Appellee.

No. 19700.

United States Court of Appeals,
Eighth Circuit.

Feb. 18, 1970.

Donald E. O'Brien, of O'Brien & Galvin, Sioux City, Iowa, for appellant.

Roy M. Irish, of Patterson, Lorentzen, Duffield, Timmons & Irish, Des Moines, Iowa, for appellee; James A. Lorentzen and Theodore T. Duffield, Des Moines, Iowa, on the brief.

Before GIBSON, LAY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

The issue on appeal is whether personal jurisdiction of the defendant, Mar-jorie E. Miner, was obtained by service of process under the Iowa nonresident motor vehicle statute. The district court sustained defendant's motion to dismiss on the ground that plaintiff had not complied with the Iowa law on service of process and that the court, therefore, lacked personal jurisdiction over the defendant. Plaintiff appealed; we reverse and remand.

Plaintiff, an Iowa resident, was injured in an automobile accident in Woodbury County, Iowa, on August 25, 1966. He was struck from the rear by the defendant, a nonresident of Iowa, living at that time in Boise, Idaho. After settlement negotiations between plaintiff's counsel and defendant's insurance carrier failed, plaintiff filed his suit in state court on August 21, 1968. On August 22, 1968, pursuant to the Iowa nonresident motor vehicle statute, Iowa Code § 321.498 et seq. (1966), plaintiff served the Commissioner of Public Safety of the State of Iowa with a copy of the original notice. In compliance with the Iowa Code §§ 321.501–502, plaintiff likewise mailed to the defendant, at her last known address, a copy of the original notice [1] and a notification that the Commissioner had been served on August 22, 1968. The trial court found that these were mailed by restricted certified mail in accord with Iowa Code § 321.501, and within the required ten days from the date of service on the Commissioner. This letter was returned, unopened, and stamped "moved, left no address." In late December 1968, the defendant was located in Minneapolis, Minnesota. Allegedly following the optional method of notification prescribed under § 321.504, on January 3, 1969, the defendant was personally served with an original notice by a Minnesota deputy sheriff in Minneapolis. The latter notice required the defendant to answer in the Woodbury County, Iowa, court within 60 days fol-

---

1. The district court found that no copy of the original notice was enclosed. However, both parties concede that this finding is erroneous. The record is undis-puted that the notification mailed to defendant in Idaho included a copy of the original notice served on the Commissioner.

lowing service of the notice *upon her*. Defendant appeared in state court and filed a petition for removal to the United States District Court in the Northern District of Iowa, Western Division. The motion to dismiss was then filed by the defendant and subsequently sustained by the district court.

Defendant raises several objections to the attempted service under Iowa law. She contends (1) the August notice was void because the same was neither received nor refused by her; (2) the January notice was not in compliance with § 321.501 in that (a) it was served on her after more than ten days had elapsed from the date of service on the Commissioner, and (b) it failed to notify her of the service of original notice on the Commissioner of Public Safety made in August 1968; and (3) the purported service of process upon her in the State of Minnesota was insufficient to confer personal jurisdiction because it extended beyond the territorial limits of the State of Iowa.[2]

The precise problem presented here has never been answered by the Iowa Supreme Court. On the surface the Iowa cases relied upon by the defendant seemingly support her position. However, upon analysis we feel valid service of process was obtained under Iowa law.

■ Service upon a nonresident motorist under Chapter 321 of the Iowa Code must comply with two procedural steps. First, there must be a proper original notice served upon the Commissioner of Public Safety and, secondly, there must be notice sent by restricted certified mail. Esterdahl v. Wilson, 252 Iowa 1199, 110 N.W.2d 241, 245 (1961). In Emery Transportation Co. v. Baker, 119 N.W.2d 272 (Iowa 1963) (hereafter cited as *Emery I*), the court placed the additional burden on the plaintiff of showing the defendant's receipt or rejection of the notice, even though the statute did not specifically require it. However, it is clear from *Emery I* that once the notice mailed is returned by reason

of the defendant moving without leaving a forwarding address, the plaintiff may *still* avail himself of serving the notice by mail or by personal service of the notice under the optional method prescribed by statute. *Id.* at 277. Nothing is said there which would indicate that a new original notice must be served upon the Commissioner of Public Safety. (For us to unnecessarily impose that requirement here would lead to absurd results.) Subsequent to its decision in *Emery I*, the Supreme Court of Iowa further interpreted the statute to mean that the mailing of the notice, and not its actual receipt, under § 321.501 within ten days after service on the Commissioner satisfied not only the statute, but also tolled the Iowa two year statute of limitations. Kraft v. Bahr, 256 Iowa 822, 128 N.W.2d 261 (1964). This holding was made even though the defendant did not actually receive the notice until after both the ten day period and the statute of limitations had run. The Iowa court there observed:

"We have exacted considerable strictness in compliance with procedural requirements under our nonresident statutes. It would seem extremely technical and most unfair to go further and require that plaintiff, not only keep track of a frequent-moving defendant (and there are many these days), but be responsible for the prompt, speedy and accurate postal direction of his communication, and affirmatively show his timely-mailed notification also reached defendant prior to the date the action is barred. There is no such requirement in the statute and we are not willing to read it into this law. Although we cannot condone delays in starting actions until only hours remain to gain jurisdiction, we are satisfied one does gain jurisdiction when the notice is filed with the commissioner, provided he shows all other procedural requirements have been met." *Id.* at 266–267.

---

2. This last contention is without merit. See discussion in footnote 7, infra.

The result in Kraft v. Bahr, supra, was compatible with the language of *Emery I* which required a plaintiff, whose mailing of notice was not received by a defendant, to continue to pursue optional means of notification.

Taking strength from Kraft v. Bahr, supra, the plaintiffs in *Emery I*, some five years after their first abortive service, attempted to again notify the defendants in order to resurrect their service and commence their lawsuit. The Iowa court in Emery Transportation Co. v. Baker, 257 Iowa 1260, 136 N.W.2d 529, 533 (Iowa 1965) (hereafter cited as *Emery II*), refused to be lead into the quagmire and commented:

"There is nothing in the *Kraft* opinion holding that after jurisdiction has been successfully attacked plaintiff can serve new and different notices and have the acquiring of jurisdiction relate back to the filing of notice with the commissioner."

However, the holding of *Emery II* cannot be controlling here. The decision points up that a subsequent notice does not relate back to the original service upon the Commissioner where that service *"has been successfully attacked."* Defendant's petition to set aside the judgment as sustained in *Emery I*, clearly voided the original notice served on the Commissioner five years before. Prior to the present proceedings, however, the defendant had never moved to quash the original notice served on the Commissioner because notice was not received in August of 1968. Thus, the facts presented here are inapposite to problems encountered in *Emery II*. The effect of our holding is to say that the logical extension of Kraft v. Bahr, supra,[3] is that the original notice on the Commissioner, if not otherwise quashed, survives beyond the 60 day period set forth therein. Thus the actual notice given to the defendant in January of 1969, served beyond the 60 day period, successfully relates back to it.

Our analysis of this issue is interwoven with the more difficult problem presented, that of whether the January 1969 notice personally served on the defendant in Minnesota was in compliance with the Iowa law. The basic objection here is that the actual service on defendant was not in compliance with Iowa Code § 321.502 (1966). Plaintiff contends, however, that its January 1969 notification to defendant was in substantial compliance with the Iowa Code. The statutory notification recited in § 321.502 states that it shall be "substantially"[4] in the form there set forth. The notice served did not apprise the defendant that the Commissioner of Public Safety had in fact been served, as required under the statute. The actual notice served on the defendant was in the form of an original notice and is set forth in full below.[5]

3. The Iowa court said in Kraft v. Bahr, supra, 128 N.W.2d at 267:
"What the situation might be if the time required for a duly-posted notice to reach a fast-moving defendant exceeded the sixty days provided for his appearance under section 321.500, we need *not decide here.*"

4. As stated in Van Gundy v. Ellis, 246 F. Supp. 802 (S.D.Iowa 1965):
"[N]either the Iowa statutes nor the rules of this court (Federal) require rigid adherence to the form of notice set out in Section 321.502, Code of Iowa."

5. "ORIGINAL NOTICE
"TO THE ABOVE NAMED DEFENDANT:
"You are hereby notified that a petition of the above named plaintiff in the above entitled action is now on file in the office of the Clerk of the above named Court, and which petition prays judgment against you in the sum of $77,987.78, together with interest thereon, for damages incurred by the plaintiff because of and resulting from personal injuries which he sustained on or about August 25, 1966, when the automobile which he was operating was struck by an automobile owned and operated by the above named defendant; *said accident having occurred as above* plaintiff was driving on Highway #20, approximately seven and one-fourth (7¼) miles east of Moville, Woodbury County, Iowa; that said accident and resultant injuries sustained by the plaintiff were caused solely by the negligence of the defendant.

Defendant relies upon a series of Iowa cases which requires strict compliance with the nonresident service provision. See e. g. Dimmitt v. Campbell, 151 N. W.2d 562 (Iowa 1967); Johnson v. Brooks, 254 Iowa 278, 117 N.W.2d 457 (1962); Esterdahl v. Wilson, 252 Iowa 1199, 110 N.W.2d 241 (1961). On the other hand, plaintiff urges that where deviation from the statutory notice is not prejudicial to the defendant the Iowa court has adopted a more "permissive" position. See e. g. Kraft v. Bahr, supra; Ransom v. Sipple Truck Lines, Inc., 240 Iowa 466, 34 N.W.2d 590 (1948). The Iowa cases emphasize strict construction of the statute because the service is in derogation of the common law and sets forth an extraordinary procedure. However, we deem it significant that in each of the cases defendant relies upon, there existed some defect in the actual service upon the Commissioner or the attempted notice was such that there did not exist sufficient probability that the defendant would receive actual notice. We are also compelled to observe that the factual circumstances of the cases relied upon by the plaintiff are completely dissimilar to the facts at bar.

█ In the instant case the statute was originally complied with; service was obtained on the Commissioner *before notice was mailed* to the defendant. Cf. Johnson v. Brooks, 254 Iowa 278, 117 N.W.2d 457 (1962). Notice was mailed within 10 days of the service on the Commissioner. The only reason defendant failed to receive notice in August was due to circumstances beyond the control of plaintiff. The evidence shows plaintiff then used every means to follow up the actual notice of the suit itself. The new notice gave the defendant the statutory time to appear and answer. The fact that this time, by necessity, was a different period than the original notice served on the Commissioner was not in itself prejudicial to the defendant and was in full compliance with due process requirements. The logical extension of Kraft v. Bahr, supra, would seem to require this result.

By the requirement of notice, the defendant was constitutionally entitled to know *when* and *where* she must appear to answer for *what*. Simply informing the defendant that the Commissioner had been served with an original notice accomplished nothing in itself. The essence of the statutory *notice* is the fact of the filing of the suit in Woodbury County District Court (*where*), the subject matter of the suit (*what*), and the date the defendant must respond (*when*). These essential facts defendant acquired by the January notice. Absent a more specific holding under Iowa law, we hold that there was substantial compliance with the required statutory notice, even though it was not in literal compliance with the statute.[6]

"And unless you appear thereto and defend in the District Court of Iowa, in and for Woodbury County at the Court House in Sioux City, Iowa, 7th & Douglas Streets, before noon on the sixtieth (60) day following *Service of this Notice upon you*, default will be entered and judgment rendered against you by the Court."

6. Although the issue arises upon collateral attack, involving Alaska law, the language used by the Ninth Circuit in Allen v. United States Fidelity & Guaranty Co., 342 F.2d 951, 955 (9 Cir. 1965), is here apropos:
"The statute did go on to make provision for mailing certain papers to the defendant. Of those papers, the summons was the paper which would notify the nonresident that the suit had been filed, who the plaintiff was and how much in the way of damages she was claiming, in what court and when the defendant was required to appear. In short, that paper would fully notify the defendant of everything that was necessary to be done by herself or by her insurance carrier in order to prevent the rendition of an unjust judgment against her. *The other paper mentioned in the statute, a notice that a summons had been served on the Commissioner of Revenue, would be of no use to the non-resident defendant.* If the Alaska statute had omitted mention of this paper in its paragraphs (c) and (d), we do not see how any prejudice to non-resident defendant could result." (Emphasis ours.)

■ To sustain personal jurisdiction here does not mean that a plaintiff may choose its own method to obtain service of process without compliance with state law. [7] Personal service of notice served on a defendant without a corresponding prior *service of process* upon the Commissioner would clearly not be in compliance with state law. Johnson v. Brooks, supra. In the instant case service of process was effected upon the Commissioner. The later service of the notice on the defendant was not an attempt to serve process.

■ This is a diversity case. We must do our best to determine what state law is under the state decisions. American Service Mutual Ins. Co. v. Bottum, 371 F.2d 6, 9 n.2 (8 Cir. 1967). The issue here is one that would better have been decided by the Iowa Supreme Court. Defendant removes this case to the federal courts with the knowledge that we must judicially "estimate" what the Iowa Supreme Court would do if confronted with the same issue. Bernhardt v. Polygraphic Co., 350 U.S. 198, 209, 76 S.Ct. 273, 100 L.Ed. 199 (1956) (concurring opinion). Plaintiff in this case pursued the only course available to him. The August service on the Commissioner, the filing of the action itself, and the registered mailing of notice to the "last known address," all demonstrate the proper diligence of the plaintiff to obtain proper service. Plaintiff made every effort thereafter to locate the defendant and the record is undisputed that upon finding here in Minnesota, he personally served upon her notice of the action, providing a reasonable time to respond. Under these circumstances, we believe that the Iowa law allows us to decide this case on the basis of whether the notice given is reasonably calculated to apprise the defendant of actual notice of the action without prejudice to the parties involved.[8] We find that the January notice personally served on defendant accomplishes this. At least our construction meets constitutional standards. We find that there was substantial compliance with § 321.-502 of the Iowa Code and that personal jurisdiction over the defendant was obtained.

Judgment reversed and remanded.

7. Defendant argues that to condone *personal service* outside the state boundary of Iowa, without any notice of service on the Commissioner, could cause confusion and prejudice in that lawyers would inform defendants that the service was not proper and a defendant might reasonably rely upon such advice and fail to appear and thereby be subject to a default judgment. Cf. Smith v. Belmore, 1 F.R.D. 633 (E.D. Wash.1941). This argument we think confuses on the one hand, service of *process* on the Commissioner and, on the other, service of *notice* on the defendant. Nevertheless, as a practical matter, we do not believe in this day and age that such ill-advice would be given. Several states today provide for personal service on a defendant outside the state. See e. g., § 17, S.H.A. ch. 110 (Ill.Civ.Pract.Act), upheld in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957); Futterman v. Gerber, 109 So.2d 575 (Fla.App.1959). See also Jox, Non-Resident Motorists Service of Process Acts, 33 F.R.D. 151 (1963). Such statutes have been constitutionally upheld as long as there exists actual notice to the defendant. Cf. Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

8. In Kraft v. Bahr, 128 N.W.2d supra at 265, the court said:
"We fail to see how this variation under such circumstances *would lead to* any confusion or endanger the positive requirements of good procedural rules as to commencement of action. Defendant knew he was the one referred to in the attached original notice and petition. Being properly advised of where and when he should appear, he did so. He was the party that had been involved in the designated accident in Iowa, and since by this method of notification he received what is the equivalent of personal service in this suit, we conclude the Iowa court had obtained jurisdiction * * *."