Mary Eileen **MEEKER**, Appellant,

v.

**UNITED STATES of America, Robert Martin, Postal Leasing, Inc., and Machael Oil Company, Appellees.**

No. 20494.

United States Court of Appeals,
Eighth Circuit.

Jan. 25, 1971.

Warren C. Johnson, Clinton, Iowa, on brief for appellant.

Thomas N. Kamp, Robert V. P. Waterman, and Robert A. Van Vooren, Davenport, Iowa, on brief for appellee, Postal Leasing, Inc.; Lane & Waterman, Davenport, Iowa, of counsel.

Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.

PER CURIAM.

This matter comes to us on appeal from the district court's dismissal of the entitled cause by reason of the running of the statute of limitations governing the claim.

Plaintiff originally filed suit in the Iowa state court for personal injuries arising from an automobile accident against Bruce A. Abbott, Robert Martin, Machael Oil Company and the defendant Postal Leasing, Inc. The government certified in federal district court that the defendant Abbott was operating a postal truck as a government agent and removed the entire cause to the federal court pursuant to 28 U.S.C.A. § 2679(d). The federal district court later dismissed the suit against the United States for failure to file the required statutory notice with the administrative agency within two years of the accident. We recently affirmed this dismissal. Meeker v. United States, 435 F.2d 1219 (8 Cir. 1970). Subsequently the federal district court dismissed the present claim against the defendant Postal Leasing, Inc.[1] due to the running of the Iowa statute of limitations. Iowa Code § 614.1(2) (1967). We affirm.

The accident took place on December 18, 1967. Pursuant to Chapter 321 of the Iowa Code the plaintiff attempted to effect service upon Postal Leasing, the nonresident owner of the vehicle. The statutory procedure in Iowa to effect service on a nonresident requires (1) filing of the original notice of suit with the Commissioner of Public Safety and (2) mailing notification of such filing to the nonresident within ten days. Iowa Code § 321.501. See Esterdahl v. Wilson, 252 Iowa 1199, 110 N.W.2d 241 (1961). Both of these acts were done. The plaintiff served the Commissioner on December 17, 1969, and seven days later mailed the statutory notice. Jurisdiction was effected. The problem plaintiff encounters is the Iowa statute

---

1. Postal Leasing, Inc. was the lessor of the vehicle to the United States Post Office.

of limitations which requires service on the Commissioner *and* the mailing of the notice (not the receipt by the defendant) [2] *both* to be done within the two-year statutory period of limitation. Johnson v. Brooks, 254 Iowa 278, 117 N.W.2d 457 (1962). Plaintiff did not mail the notice to the nonresident defendant until December 24, 1969, which was six days after the statute of limitations had run and therefore the dismissal must be affirmed.

Plaintiff asserts on appeal that the filing of the original notice with the Commissioner of Public Safety is sufficient to toll the statute. This is not the Iowa law. Johnson v. Brooks, supra. Section 617.3 of the Iowa Code is not applicable.[3] Plaintiff's reliance upon our recent decision in Heeney v. Miner, 421 F.2d 434 (8 Cir. 1970), is likewise misplaced. The issue of the statute of limitations was not before us in *Heeney* since it was neither pleaded nor raised on appeal. The *Heeney* case concerned only the issue as to whether personal jurisdiction had been effected in substantial compliance with the statute.

Judgment affirmed.

2. See Heeney v. Miner, 421 F.2d 434 (8 Cir. 1970); and Kraft v. Bahr, 256 Iowa 822, 128 N.W.2d 261 (1964).

3. Iowa Code § 617.3 is the "long-arm" statute providing for service on foreign corporations and nonresidents contracting in Iowa. It does provide that the original notice filed with the Secretary of State should be deemed the commencement of the action. However, service here was completed under §§ 321.498 et seq. which do not contain a similar provision.