Edward H. MATNEY, Appellant,

v.

Franklin Kermit CURRIER, Appellee.

No. 55198.

Supreme Court of Iowa.

Jan. 17, 1973.

Rehearing Denied March 22, 1973.

Paul W. Deck Law Office and Robert J. Larson, Sioux City, for appellant.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, Sioux City, for appellee.

Heard by MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

REES, Justice.

This appeal comes to us from an order of the trial court sustaining defendant's motion for summary judgment and dismissing plaintiff's claim for personal injuries.

On March 23, 1969 plaintiff and defendant were involved in an automobile accident in Sioux City, at which time defendant was a resident of Ree Heights, South Dakota. On September 28, 1970 plaintiff filed his petition in the office of the clerk of the Woodbury County District Court seeking recovery for personal injuries and for property damages arising out of the accident.

On September 29, 1970 plaintiff filed with the Commissioner of Public Safety of the State of Iowa, pursuant to the provisions of "Non-Resident Motor Vehicle Act", § 321.501, The Code, 1969, an original notice of the pendency of his suit. On October 5, 1970 plaintiff mailed to defendant at his Ree Heights, South Dakota, address a notification in compliance with the non-resident motor vehicle act, but the envelope and notice were returned to plaintiff on October 19, 1970, upon which it was indicated that the addressee-defendant had moved and left no forwarding address.

On March 2, 1971 defendant filed his special appearance attacking the jurisdiction of the court over his person for failure of plaintiff to comply with the provisions of sections 321.501 to 321.505, The Code, 1969, in that the notification was not actually received by nor refused by the non-resident defendant. On April 30, 1971 the special appearance was sustained and the purported or attempted service was quashed.

A new notice, addressed to the defendant, was mailed on June 2, 1971, to his address at Kosmos, Minnesota, and was received by defendant on June 3, 1971.

On June 18, 1971 defendant filed answer in which he affirmatively alleged the plaintiff's action insofar as it related to his claim for personal injury was barred by the statute of limitations, and on the same date defendant filed motion for summary judgment, in which he asserted the statute of limitations operated to bar plaintiff's personal injury claim.

Following hearing, on August 11, 1971, the court sustained defendant's motion for summary judgment and dismissed plaintiff's claim for personal injuries. Plaintiff appeals from such ruling.

Plaintiff assigns two errors upon which he relies for reversal: (1) the trial court erred in sustaining defendant's motion for summary judgment in concluding that no service was had upon defendant and that the court had no jurisdiction over defendant; and (2) trial court erred in concluding the statute of limitations had expired on plaintiff's personal injury claim.

In connection with his first assigned error, plaintiff asserts the filing of a general appearance by defendant submitted defendant to the jurisdiction of the court and that such filing constituted a waiver by de-

fendant of all claims that the court lacked jurisdiction and waived any defects in service of notice, and further, the filing of general appearance precluded defendant from raising the bar of statute of limitations. He further asserts plaintiff's cause of action was not destroyed when plaintiff relied upon the last known address of the defendant in attempting to comply with the statutory requirement for mailing notification where the defendant had moved leaving no forwarding address.

I. As noted above, the accident out of which the plaintiff's claim for damages arises occurred March 23, 1969, and any action to recover for personal injuries was required to have been commenced within two years from the date of the injury.

Rule 48 of the Rules of Civil Procedure provides, "A civil action is commenced by serving the defendant with an original notice."

Section 614.1, The Code, 1969, provided:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

" * * *

"(2) *Injuries to person or reputation —relative rights—statute penalty.* Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years."

Plaintiff's claim was therefore barred by the operation of the statute of limitations unless the plaintiff was able to show that somehow the statute of limitations was tolled beyond March 23, 1971.

Only one copy of the original notice of suit was filed with the Commissioner of Public Safety as is required by § 321.501, The Code, and this notice was filed on September 29, 1970. When the court sustained the special appearance of defendant, the legal efficacy of the notice filed with the Commissioner of Public Safety was completely destroyed. The service, or purported or attempted service, upon the defendant by the mailing on June 2, 1971, of the notification addressed to defendant at Kosmos, Minnesota, therefore, had nothing to relate back to. We incline to the view that even if the special appearance of defendant had not been sustained that the statute of limitations was not tolled simply by filing the notice with the Commissioner of Public Safety, unless compliance with the non-resident motor vehicle act, specifically § 321.501, The Code, was complied with by further mailing a notification to the defendant and securing either his receipt therefor or advice that he had refused it within the limitation period.

In Esterdahl v. Wilson, 252 Iowa 1199, 1207, 110 N.W.2d 241, 245, this court said:

"The plaintiff next urges that the statute of limitations was tolled by the first service upon the commissioner of public safety. It is evident the real contention here is that service on the commissioner gives jurisdiction; there is no other way in which the statute may be tolled. R. C.P. 49 gives the only method, other than by a sufficient service of notice, by which this may be done. It provides the statute is tolled by delivering the original notice to the sheriff of the county in which the action is brought with the intent it be forthwith served. There is no claim this was done here."

Plaintiff places considerable reliance upon our pronouncements in Kraft v. Bahr, 256 Iowa 822, 128 N.W.2d 261. Two important distinctions between *Kraft* and the matter at bar are readily apparent. In *Kraft* both the filing with the commissioner and the mailing by restricted certified mail were timely; however, because the defendant had moved he did not receive the notice and notification of filing until after the statute of limitations had run. The notice which gave jurisdiction was the

notice which was timely mailed and was eventually received and receipted for by this defendant 22 days after it had been filed with the Commissioner of Public Safety—well within the 60-day time required for appearance.

In the matter now before us neither of the elements present in *Kraft* are established. The defendant in the instant case did not receive or receipt for the notification of filing of original notice which was timely mailed, and the service of such document upon him, accompanied by another original notice, was not made until long after the 60-day period for appearance had expired from and after the date of filing of the original notice with the Commissioner of Public Safety.

In *Kraft* this court held that if notification of filing with original notice attached thereto is in proper form and is timely mailed prior to the running of the statute of limitations and is eventually received and receipted for by the defendant, then the time of service insofar as the statute of limitations is concerned, will be the date of the filing of the notification with the Commissioner of Public Safety and not the date of receipt by the defendant. It does not constitute a holding that merely by doing these acts the statute of limitations is tolled.

Plaintiff further places considerable reliance upon the two Emery Transportation Company cases, viz: Emery Transportation Co. v. Baker, 254 Iowa 744, 119 N.W. 2d 272, and Emery Transportation Co. v. Baker, 257 Iowa 1260, 136 N.W.2d 529 (Emery II).

In *Emery II* the plaintiff first failed to obtain jurisdiction over the defendant by reason of the fact that although there had been timely filing of the original notice with the commissioner, and timely mailing of notification prior to the running of the statute of limitations, that such notice was never received or receipted for by the defendant. Plaintiff, in *Emery II*, then attempted another method of service, that is to say, personal service on defendants in the states where they lived. The plaintiff then attempted to rely upon the pronouncements of this court in Kraft v. Bahr as supporting such a method of service and to establish that the statute of limitations had not yet run because he had timely filed and mailed his original notice and notification of filing. In *Emery II*, at page 532 of 136 N.W.2d, this court rejected such argument and pointed out the important distinctions between *Emery* and *Kraft* as being that the notice upon which jurisdiction was based in *Kraft* was the same notice which had been timely mailed and which was eventually received and receipted for by defendant and not a new original notice personally served upon the defendant. The court there stated:

"Plaintiff argues that under Kraft v. Bahr, supra, if the notice was properly filed with the commissioner and notification properly mailed the fact that notification and notice were actually delivered after the running of the statute of limitations is immaterial. Our holding in Kraft does not save plaintiff here. In Kraft notice was filed with the commissioner and notification properly mailed to defendant at his last known address within the time required. Defendant had apparently moved. The original notification was forwarded, delivered and receipted for by the defendant. In the case at bar the original timely notification was never delivered, receipted for or refused."

Further in *Emery II*, at page 533 of 136 N.W.2d, this court said:

"There is nothing in the Kraft opinion holding that after jurisdiction has been successfully attacked plaintiff can serve new and different notices and have the acquiring of jurisdiction relate back to the filing of notice with the commissioner."

Plaintiff cites, as supportive of his position, Heeney v. Miner, 421 F.2d 434 (8 Cir., Iowa 1970). *Heeney* involved a ruling on a motion to dismiss personal injury action arising out of an automobile collision. The United States District Court sustained a motion to dismiss, and in reversing the Circuit Court of Appeals held that where the commissioner had been served, but a non-resident defendant had not received notice sent under the Iowa non-resident motor vehicle statute because the non-resident had moved without leaving a forwarding address, subsequent actual notice which gave non-resident defendant statutory time to appear and answer, complied with required statutory notice even though no new notice was served on commissioner and date for answer was different from that in the original notice served on commissioner. It is apparent the statute of limitations is not involved in Heeney v. Miner.

That the issue of the statute of limitations was not involved in *Heeney* is borne out by the statement of the 8th Circuit in Meeker v. United States, 437 F.2d 69 (1971), where the court said:

"Plaintiff's reliance upon our recent decision in Heeney v. Miner, 421 F.2d 434 (8th Cir. 1970), is likewise misplaced. The issue of the statute of limitations was not before us in Heeney since it was neither pleaded nor raised on appeal. The Heeney case concerned only the issue as to whether personal jurisdiction had been effected in substantial compliance with the statute."

A like factual situation was presented to the United States District Court for the Southern District of Iowa in Van Gundy v. Ellis, 246 F.Supp. 802 (S.D.Iowa 1965), where the court said (at page 804):

"Thus, the first service of process upon W. M. Tynan & Co. was defective. Moreover, it was insufficient to toll any applicable statute of limitations. Burkhardt v. Bates, 191 F.Supp. 149 (N.D., Iowa 1961); * * *. The second service of process upon this defendant was made in compliance with the Iowa non-resident motorist statute and, normally, would have been sufficient to confer jurisdiction upon this Court. In this instance, however, the service of process was not made until September 21, 1965. The accident giving rise to this cause of action occurred on September 6, 1963. Section 614.1 of the Iowa Code provides that all actions founded upon personal injuries must be brought within two years from the date the injury occurs. Since the service of process in this instance was made after that period of time, it has no legal effect. The applicable statute of limitations has run with respect to plaintiff's claim against W. M. Tynan and Company. Thus, the part of plaintiff's complaint seeking relief against W. M. Tynan and Company must be dismissed."

II. In several jurisdictions, including Iowa, it has been held that statutes of the nature of the non-resident motor vehicle act are in derogation of the common law and must be construed strictly, and may not be extended by implication to non-residents not coming within their terms. Jermaine v. Graf, 225 Iowa 1063, 1066, 283 N.W. 428, 430, and cases there cited.

The absence of a defendant from the state does not affect the remedy of a person seeking relief, and any statute tolling the statute of limitations is without application. See Busby v. Shafer, 75 S.D. 428, 66 N.W.2d 910, 911.

In accord with the above view, the decisions reason that where provision is made by statute for substituted service of process upon a state official in cases arising out of motor accidents within the state, the provi-

sion makes the defendant as amenable to process as if he resided within the state and has the effect of nullifying any statute suspending the period of limitation. Busby v. Shafer, *supra*, 66 N.W.2d at page 911; Kokenge v. Holthaus, 243 Iowa 571, 52 N.W.2d 711.

We are forced to the conclusion the record abundantly establishes plaintiff's claim was barred by the statute of limitations prior to the attempted or purported service of notice and the mailed notification on June 2, 1971.

■ III. Plaintiff's contention the filing by defendant of a general appearance constitutes a waiver of the statute of limitations and submits the defendant generally to the jurisdiction of the court is without merit.

In its answer in the first division, defendant denied generally each and every allegation of plaintiff's petition. In a second division defendant affirmatively pleaded the bar of the statute of limitations.

While the bar of the statute of limitations might have been raised otherwise, it was entirely proper for defendant to affirmatively allege it as an affirmative defense in a separate division of his answer which was a pleading responsive to the plaintiff's claim for relief. In Pride v. Peterson, 173 N.W.2d 549, 554, this court said:

"We conclude the bar of limitations is primarily an affirmative defense to be specially asserted in a separate division of the responsive pleading to the claim for relief."

See also Gardner v. Beck, 195 Iowa 62, 73, 189 N.W. 962, 967.

We are unable to find any basis for reversal of the trial court here, and accordingly this case is

Affirmed.